**CAUSE NO. 116100**

| | | |
|---|---|---|
| ROBERT RUXTON, III, MARGARET RUXTON, AND GARAGE CANDY AUTOS, LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>HAMMERTIME ENTERPRISE MOTORSPORTS, LLC, LAZY S ENTERPRISES, LLC, AND JOSHUA SHOOK,<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br><br>40TH JUDICIAL DISTRICT<br><br><br><br><br>ELLIS COUNTY, TEXAS |

**DEFENDANT JOSHUA SHOOK OBJECTIONS AND <u>RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES</u>**

**TO: Plaintiffs Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC, by and through their attorney of record, Janet Marusak of McDONNEL COATS, LLP, 215 W. 2nd St., Waxahachie, Texas 75165.**

COMES NOW, Joshua Shook ("Defendant") in accordance with the Texas Rules of Civil Procedure and serves its Objections and Responses to Plaintiffs' Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC'S (collectively, "Plaintiffs") First Set of Interrogatories (the "Requests").

Respectfully submitted,

**WADDELL SERAFINO GEARY RECHNER JENEVEIN, PC**

*/s/ Krystal L. McCool*
KRYSTAL L. MCCOOL
State Bar No. 24082185
kmccool@wslawpc.com
1717 Main Street, 25th Floor
Dallas, Texas 75201
214-979-7400 (phone)
214-979-7402 (fax)

**ATTORNEYS FOR DEFENDANTS**

**Exhibit** 6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served upon all counsel of record using the electronic filing system on October 27, 2025, in accordance with the Texas Rules of Civil Procedure and applicable local rules.

*/s/ Krystal L. McCool*
Krystal L. McCool

## GENERAL OBJECTIONS

In addition to any additional specific objections, to specific requests set out below, Defendant generally objects to Plaintiffs' Requests to Defendant as follows:

1. Defendant objects to the Requests to the extent that they seek information that is irrelevant and/or information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the Requests to the extent that Plaintiffs ask Defendant to apply meaning to the words beyond their everyday common usage in the English language, and/or in variance with the Texas Rules of Civil Procedure.

3. Defendant objects to the Requests to the extent that they seek information that is unduly burdensome and harassing. Defendant's responses are made on its best present knowledge, information, and belief. Defendant has solicited information from individuals employed or otherwise affiliated with Defendant believed to be most likely to have knowledge of matters for which Plaintiff may seek information. Defendant has not, however, undertaken to search or review all of the files and records in its possession, custody, or control, nor has Defendant solicited information from every individual employed by or otherwise affiliated with it, because to do so would be unduly burdensome and prohibitively expensive. Defendant reserves the right to supplement or amend these answers should additional information come to light, as necessary.

4. Defendant objects to any instruction contained within the "Instructions" and "Definitions" sections of Plaintiffs' Requests to Defendant that attempts to expand Defendant's obligations under the Texas Rules of Civil Procedure.

5. The specific objections that follow may overlap or duplicate, in whole or in part, these General Objections. The failure to include any general objection or statement in any specific response shall not be interpreted as a waiver of any general objection to that response.

**DEFENDANT'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** Briefly describe your communications with Plaintiffs relating to the investment venture referenced at Paragraph 14 of the Counterclaim. For each such communication provide the following information: (1) the date or approximate date it occurred (2) the participants; and (3) a summary of its substance.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: Communication was done with the Plaintiffs in person. We met at their shop, the shop I had in Mansfield, or over at the Palmer property, or at their home. We discussed Plaintiffs investing in the business, how the business would operate, where it would operate, and what investment funds would be used for.

**INTERROGATORY NO. 2:** Briefly describe your communications with Plaintiffs relating to Plaintiffs' provision of funds to HEM and/or Hammertime Motorsports. For each such communication provide the following information: (1) the date or approximate date it occurred (2) the participants; and (3) a summary of its substance.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: Communication was done with the Plaintiffs in person. We met at their shop, the shop I had in Mansfield, or over at the Palmer property, or at their home. We discussed Plaintiffs investing in the business, how the business would operate, where it would operate, and what investment funds would be used for.

**INTERROGATORY NO. 3:** Paragraph 15 of the Counterclaim states that Plaintiffs would receive a place to run a car dealership in return for investing in HEM. Explain the basis for your contention, if any, that this contractual benefit obligated Plaintiffs to open such a dealership.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: That was part of the deal. Plaintiffs were going to have a space to run their car dealership out of the Palmer location which is why they assisted with picking out the property, picking out how to remodel and clean up the property, and even pick out which office space they would have inside of the property.

**INTERROGATORY NO. 4:** Provide the basis for your contention, if any, that Plaintiffs were obligated under the Contract to provide additional investment funds after they had provided the initial $460,000.00 in Investment Funds.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Plaintiffs agreed to provide funds towards the business. Defendant utilized the provided funds towards business operations.

**INTERROGATORY NO. 5:** Identify all monies provided to and/or invested in HEM and/or Hammertime Motorsports by you and/or Jessica Shook and provide the following information: (1) the date each investment was made, (2) the amount invested, (3) identify the bank and/or financial institution from which the monies were withdrawn or transferred, and (4) identify any documents reflecting the investment transaction, including but not limited to checks, bank statements, wire transfers, electronic transfers, and/or receipts for cash.

**ANSWER:** Monies provided have been identified by providing copies of cashiers checks, which are dated and include the amount of each investment. The monies were put into CNB bank and utilized for various business operations. Plaintiff were aware of at the time what their investment money was going towards.

**INTERROGATORY NO. 6:** Briefly describe the transaction(s) and payments reflected in the documents produced by Defendants and bates labeled SHOOK000030-34, including but not limited to the following information: (1) the type of debt, i.e. - loan, installment payments, line of credit, etc., (2) the purpose of the underlying transaction(s), (3) the goods or services purchased, (4) any outstanding balance(s), and (5), the current location of any items purchased in the transaction(s).

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant further objects to this as irrelevant.

**INTERROGATORY NO. 7:** Briefly describe the transactions reflected in the documents produced by Defendants and bates labeled SHOOK000036-39 and provide the following information: (2) the reason for the purchase and/or what the item purchased was used for, (3) any payments made, (4) any outstanding balances owed (3) the current owner of each item purchased, and (4) the current location of each item purchased.

**ANSWER:** The 6 way dozer has been repossessed. The hustler has been repossessed. The John Deere Gator is in the process of being repossessed.

**INTERROGATORY NO. 8:** Identify the past and present officers and shareholders of HEM.

**ANSWER:** The members of HEM were Jessica Shook and Joshua Shook.

**INTERROGATORY NO. 9:** Briefly describe the document produced by Defendants and bates labeled SHOOK000040. Identify who created it and where they obtained the information set forth therein.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: That invoice was for 1st Class Graphics LLC. This was specifically for all signage, design of the sign utilizing Garage Candy logos, all window graphics, and related graphic items.

**INTERROGATORY NO. 10:** Briefly describe the document produced by Defendants and bates labeled SHOOK000045. Identify the parties to the contract, the terms of the contract, the signatories, and whether the contract was completed.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: That, contract agreement was for paving the property. Specifically, asphalt for the parking lot, and from the front gate to the back gate of the shop area. This was specifically to have good paving for the anticipated vehicle traffic.

**INTERROGATORY NO. 11:** For check 4359 produced by Defendants and labeled SHOOK000046, briefly describe what was purchased with the check and why it was purchased.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: That check was used to pay for painting for inside of the shop building.

**INTERROGATORY NO. 12:** For check 6156 produced by Defendants and labeled SHOOK000047, briefly describe what was purchased with the check and why it was purchased.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: That check was used to purchase the carpet in all of the offices inside the building. Also this was for the checkered tile flooring that was never put down and never refunded.

**INTERROGATORY NO. 13:** For check 6158 produced by Defendants and labeled SHOOK000048, briefly describe what was purchased with the check and why it was purchased.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly

burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: That check was used to pay for handy man services to fix door handles, outlet cover and various other small projects around the office building. Matt also rekeyed all of the locks to the same key.

**INTERROGATORY NO. 14:** For check 6154 produced by Defendants and labeled SHOOK000049, briefly describe what was purchased with the check and why it was purchased.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: That check was used to fix the front and back gates at the office building, fixed roll up doors on the shop, got the sign braced up and ready, did all the sheet metal stuff on the track tower, and fixed the whole roof on the shop because the sky lights were leaking. Plaintiffs specifically choose this company to get a tax break on the money that was spent.

**INTERROGATORY NO. 15:** For check 4244 produced by Defendants and labeled SHOOK000050, briefly describe what was purchased with the check and why it was purchased.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: That check was used to purchase the John Deere Gator.

**INTERROGATORY NO. 16:** For check 4406 produced by Defendants and labeled SHOOK000051, briefly describe what was purchased with the check and why it was purchased.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: That check was used to purchase exterior paint of the office building.

**INTERROGATORY NO. 17:** For the checks made payable to Oscar Cisneros and numbered 6133, 4497, 6148, 6153, 2519, and 4240, produced by Defendants and labeled SHOOK000052, SHOOK000055, and SHOOK000057-60, briefly describe what was purchased with each check and why it was purchased.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition

testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: That checks were used to purchase general contracting work such as the following: electrical work, lighting in the shop, installing the lifts, installing the hydrolics, installing the hard air lines, fixing sinks in the shop, moving plugs, replacing roof sheets on the office building, metal panel on front of building, gutter down spouts, installing lights, installing satellite dishes, tear down light poles that were nonfunctional, replacing windows in track tower, and all other needed general contracting work to get the property ready to use for business.

**INTERROGATORY NO. 18:** Briefly describe the transaction reflected in the document produced by Defendants and labeled SHOOK000056.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: This transaction was a check cashed.

**INTERROGATORY NO. 19:** Provide the date HEM opened to the public for business, the date HEM ceased conducting business, and the date HEM moved out of the Premises.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: HEM was created on May 29, 2024. HEM operated for approximately 6 months. HEM ceased operations in November of 2024. Shook moved out of the Palmer location in June of 2025.

**INTERROGATORY NO. 20:** Provide the following information regarding HEM's assets, including but not limited to equipment, tools, furnishings, vehicles, and/or monies:

(1) all assets HEM possessed prior to receiving the Investment Funds;
(2) all assets HEM possessed on the date it ceased conducting business;
(3) all assets HEM possessed on the date it moved out of the Premises; and
(4) all current assets of HEM.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: HEM had no assets prior to receiving the investment funds. HEM has no current assets. HEM had no assets on the date it cased conducting business. HEM had no assets on the date it moved out of the premises.

**INTERROGATORY NO. 21:** Identify all persons employed by HEM between the date of its formation through the date of service of these interrogatories.

> **ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope.
>
> Subject to and without waiving the foregoing objections, Defendant answers as follows: HEM had the following employees: Hunter Holt, Dane Day, Wesley Schwinn, Steve Ellis, Shane Robertson, Charlie Wilson, and Alfredo Guzman.

**INTERROGATORY NO. 22:** Briefly describe your role at HEM and/or Hammertime Motorsports, including but not limited to the type of work you performed, your duties and responsibilities, your position and/or title, your work schedule, and how you were compensated (e.g. – hourly, salaried, by commission, etc.).

> **ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.
>
> Subject to and without waiving the foregoing objections, Defendant answers as follows: I was the managing member of HEM and tried to get the business up and running. I was not paid. I lost money on HEM.

**INTERROGATORY NO. 23:** Identify and briefly describe all payments made and/or monies provided to you and/or Jessica Shook by HEM and/or Hammertime Motorsports, including but not limited to employment compensation, bonuses, commissions, gifts, loans, investment returns, and/or reimbursements. State the amount of each such payment and its purpose.

> **ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as being more appropriate for oral deposition testimony. Defendant objects to this Request as not being limited in time and scope.
>
> Subject to and without waiving the foregoing objections, Defendant answers as follows: Myself and/or Jessica Shook were not paid by HEM and/or Hammertime Motorsports. We lost money on the business.

**CAUSE NO. 116100**

| | | |
|---|---|---|
| ROBERT RUXTON, III, MARGARET RUXTON, AND GARAGE CANDY AUTOS, LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>HAMMERTIME ENTERPRISE MOTORSPORTS, LLC, LAZY S ENTERPRISES, LLC, AND JOSHUA SHOOK,<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>40TH JUDICIAL DISTRICT<br><br>ELLIS COUNTY, TEXAS |

**DEFENDANT JOSHUA SHOOK OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS**

**TO: Plaintiffs Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC, by and through their attorney of record, Janet Marusak of McDONNEL COATS, LLP, 215 W. 2nd St., Waxahachie, Texas 75165.**

COMES NOW, Joshua Shook ("Defendant") in accordance with the Texas Rules of Civil Procedure and serves its Objections and Responses to Plaintiffs' Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC, (collectively, "Plaintiffs") First Request for Admissions (the "Requests").

Respectfully submitted,

**WADDELL SERAFINO GEARY RECHNER JENEVEIN, PC**

*/s/ Krystal L. McCool*
KRYSTAL L. MCCOOL
State Bar No. 24082185
kmccool@wslawpc.com
1717 Main Street, 25th Floor
Dallas, Texas 75201
214-979-7400 (phone)
214-979-7402 (fax)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served upon all counsel of record using the electronic filing system on October 27, 2025, in accordance with the Texas Rules of Civil Procedure and applicable local rules.

*/s/ Krystal L. McCool*
Krystal L. McCool

## GENERAL OBJECTIONS

In addition to any additional specific objections, to specific requests set out below, Defendant generally objects to Plaintiffs' Requests to Defendant as follows:

1. Defendant objects to the Requests to the extent that they seek information that is irrelevant and/or information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the Requests to the extent that Plaintiffs ask Defendant to apply meaning to the words beyond their everyday common usage in the English language, and/or in variance with the Texas Rules of Civil Procedure.

3. Defendant objects to the Requests to the extent that they seek information that is unduly burdensome and harassing. Defendant's responses are made on its best present knowledge, information, and belief. Defendant has solicited information from individuals employed or otherwise affiliated with Defendant believed to be most likely to have knowledge of matters for which Plaintiff may seek information. Defendant has not, however, undertaken to search or review all of the files and records in its possession, custody, or control, nor has Defendant solicited information from every individual employed by or otherwise affiliated with it, because to do so would be unduly burdensome and prohibitively expensive. Defendant reserves the right to supplement or amend these answers should additional information come to light, as necessary.

4. Defendant objects to any instruction contained within the "Instructions" and "Definitions" sections of Plaintiffs' Requests to Defendant that attempts to expand Defendant's obligations under the Texas Rules of Civil Procedure.

5. The specific objections that follow may overlap or duplicate, in whole or in part, these General Objections. The failure to include any general objection or statement in any specific response shall not be interpreted as a waiver of any general objection to that response.

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:** Plaintiffs provided investment funds to HEM for the development of Hammertime Motorsports Park in Palmer, Texas.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 2:** The total amount of the Investment Funds provided by Defendant to HEM was $460,000.00.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 3:** You are or were owner of HEM.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 4:** HEM does not and has never held a bank account in its own name.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 5:** Jessica L. Shook is your spouse.

**RESPONSE:. ADMIT.**

**REQUEST FOR ADMISSION NO. 6:** On May 27, 2021, you were sued by Refuge Roofing and Contracting, LLC and Jennifer Jean Brigham in Cause No. 105969 in the 40th District Court of Ellis County, Texas, for conversion, theft of corporate assets, fraud, tortious interference with a contract, and breach of fiduciary duty.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 7:** On October 30, 2023, you were sued by Jaime Lopez in Cause No. 112544; *Jaime Lopez v. Joshua Shook d/b/a Hammertime Roofing & Contractors*, in the 40th District Court of Ellis County, for breach of contract.

**RESPONSE:. ADMIT.**

**REQUEST FOR ADMISSION NO. 8:** On February 19, 2020, you were sued by Garry Quick in Cause No. 20-C-3123; *Garry Quick v. Joshua Shook d/b/a J & J Container Service*, in County Court at Law No. 1 of Ellis County, Texas.

**RESPONSE:. ADMIT.**

**REQUEST FOR ADMISSION NO. 9:** You and Jessica Shook are managers of HEM (i.e. - LLC managers).

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 10:** HEM is a limited liability company that was registered with the SOS on May 29, 2024.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 11:** HEM's registration with the SOS has not been terminated.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** As of the date of service of these requests, HEM is registered with the SOS as an active entity.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 13:** You and Jessica Shook are managers of Hammertime Enterprise Auto Craft LLC (i.e. - LLC managers).

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 14:** Hammertime Enterprise Auto Craft LLC is a limited liability company that was registered with the SOS on May 29, 2024.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 15:** At the time of its formation, Hammertime Enterprise Auto Craft LLC's mailing address was 8400 North Interstate 45, Palmer, TX 75152.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 16:** You are or were a Director of Hammertime Equipment Group Corp.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 17:** Hammertime Equipment Group Corp is a corporation that was registered with the SOS on January 23, 2025.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 18:** At the time of its formation, Hammertime Equipment Group Corp's mailing address was 1400 North Interstate 45, Palmer, TX 75152.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 19:** You and Jessica Shook are or were managers of Hammertime Enterprise Roofing LLC (i.e. - LLC managers).

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 20:** Hammertime Enterprise Roofing LLC is a limited liability company that was registered with the SOS on May 29, 2024.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 21:** At the time of its formation, Hammertime Enterprise Roofing LLC's mailing address was 8400 North Interstate 45, Palmer, TX 75152.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 22:** You are the Managing Member of Lazy S.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 23:** Lazy S is a limited liability company that was registered with the SOS on January 24, 2017.

**RESPONSE: ADMIT as to being registered on January 24, 2017, as for everything else, DENY.**

**REQUEST FOR ADMISSION NO. 24:** In March 2024, the mailing address for Lazy S was 852 Ebenezer Rd., Palmer, TX 75152.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 25:** On July 24, 2019, Hammertime Contractors was registered with the SOS as an assumed name of Lazy S.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 26:** On April 15, 2024, Hammertime Motorsports was registered with the SOS as an assumed name of Lazy S.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 27:** On December 21, 2023, Hammertime Storage Solutions was registered with the SOS as an assumed name of Lazy S.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 28:** On December 21, 2023, Hammertime Storm Shelters was registered with the SOS as an assumed name of Lazy S.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 29:** You asked Plaintiffs to invest in HEM.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 30:** You initially asked Plaintiffs to invest an amount in excess of $460,000.00.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 31:** You borrowed two Suzuki Carry mini trucks from Plaintiffs.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 32:** One of the Suzuki Carry mini trucks you borrowed from Plaintiffs was damaged while in your care.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 33:** You did not pay for repairs to the Suzuki Carry mini truck you damaged.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 34:** The document attached hereto at Exhibit A is a transcript of an email sent by you to Robert Ruxton III and/or Margaret Ruxton on August 28, 2024.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 35:** The document attached hereto at Exhibit B is a transcript of an email sent by you to Robert Ruxton III and/or Margaret Ruxton on August 26, 2024.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 36:** You selected the premises at 8400 North Interstate 45, Palmer, TX 75152 as a potential business location for HEM before Plaintiffs visited the property.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 37:** You signed the Commercial Lease for the premises at 8400 North Interstate 45, Palmer, TX 75152

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 38:** Plaintiffs did not sign the Commercial Lease for the premises at 8400 N. Interstate 45, Palmer, Texas 75152.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 39:** You were in charge of HEM's business operations.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 40:** You and/or Jessica Shook made all purchases for HEM.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 41:** You and/or Jessica Shook controlled all funds used by HEM.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 42:** Checks drawn on the Citizens National Bank account of Lazy S Enterprises, LLC dba Hammertime Contractors were used to pay for HEM's purchases and/or debts.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 43:** Checks drawn on the Citizens National Bank account of Hammertime Roofing & Contractors were used to pay for HEM's purchases and/or debts.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 44:** Monies invested in HEM and/or monies collected by HEM were comingled with monies held in bank accounts belonging to Lazy S and/or Hammertime Roofing & Contractors.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 45:** You have never been registered with the Texas State Securities Board to sell securities or provide investment advice.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 46:** You have never been registered with the Texas State Securities Board to sell securities or provide investment advice.

**RESPONSE: DENY.**

**REQUEST FOR ADMISSION NO. 47:** Hammertime Motorsports is not the tenant on the Commercial Lease.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 48:** HEM is not the tenant on the Commercial Lease.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 49:** Lazy S is the tenant on the Commercial Lease.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 50:** Plaintiffs did not provide any funds for the development of Lazy S.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 51:** The cashier's checks reflecting the Investment Funds were not made out to Lazy S.

**RESPONSE: ADMIT.**

**REQUEST FOR ADMISSION NO. 52:** HEM is not your first failed business.

**RESPONSE: DENY.**

**CAUSE NO. 116100**

| | | |
|---|---|---|
| ROBERT RUXTON, III, MARGARET RUXTON, AND GARAGE CANDY AUTOS, LLC | § | IN THE DISTRICT COURT |
| *Plaintiffs*, | § | |
| v. | § | 40TH JUDICIAL DISTRICT |
| HAMMERTIME ENTERPRISE MOTORSPORTS, LLC, LAZY S ENTERPRISES, LLC, AND JOSHUA SHOOK, | § | |
| *Defendants* | § | ELLIS COUNTY, TEXAS |

**DEFENDANT JOSHUA SHOOK OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

**TO: Plaintiffs Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC, by and through their attorney of record, Janet Marusak of MCDONNEL COATS, LLP, 215 W. 2nd St., Waxahachie, Texas 75165.**

COMES NOW, Joshua Shook ("Defendant") in accordance with the Texas Rules of Civil Procedure and serves its Objections and Responses to Plaintiffs' Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC's (collectively, "Plaintiffs") First Request for Production (the "Requests").

Respectfully submitted,

**WADDELL SERAFINO GEARY RECHNER JENEVEIN, PC**

*/s/ Krystal L. McCool*
KRYSTAL L. MCCOOL
State Bar No. 24082185
kmccool@wslawpc.com
1717 Main Street, 25th Floor
Dallas, Texas 75201
214-979-7400 (phone)
214-979-7402 (fax)
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served upon all counsel of record using the electronic filing system on October 27, 2025, in accordance with the Texas Rules of Civil Procedure and applicable local rules.

*/s/ Krystal L. McCool*
Krystal L. McCool

## GENERAL OBJECTIONS

In addition to any additional specific objections, to specific requests set out below, Defendant generally objects to Plaintiffs' Requests to Defendant as follows:

1. Defendant objects to the Requests to the extent that they seek information that is irrelevant and/or information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the Requests to the extent that Plaintiffs ask Defendant to apply meaning to the words beyond their everyday common usage in the English language, and/or in variance with the Texas Rules of Civil Procedure.

3. Defendant objects to the Requests to the extent that they seek information that is unduly burdensome and harassing. Defendant's responses are made on its best present knowledge, information, and belief. Defendant has solicited information from individuals employed or otherwise affiliated with Defendant believed to be most likely to have knowledge of matters for which Plaintiffs may seek information. Defendant has not, however, undertaken to search or review all of the files and records in its possession, custody, or control, nor has Defendant solicited information from every individual employed by or otherwise affiliated with it, because to do so would be unduly burdensome and prohibitively expensive. Defendant reserves the right to supplement or amend these answers should additional information come to light, as necessary.

4. Defendant objects to any instruction contained within the "Instructions" and "Definitions" sections of Plaintiffs' Requests to Defendant that attempts to expand Defendant's obligations under the Texas Rules of Civil Procedure.

5. The specific objections that follow may overlap or duplicate, in whole or in part, these General Objections. The failure to include any general objection or statement in any specific response shall not be interpreted as a waiver of any general objection to that response.

**DEFENDANT JOSHUA SHOOK'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** All documents you rely on to support your contention that Plaintiffs were obligated under the Contract to open a car dealership at 8400 North Interstate 45, Palmer, TX 75152.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope.

Subject to and without waiving the foregoing objections: after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:** All documents showing the amount of money you and/or Jessica Shook invested in HEM and/or Hammertime Motorsports Park, including but not limited to accounting, financial, and banking records.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that these documents are not kept within Defendant's possession.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no additional items have been identified that are responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 3:** All documents, including but not limited to accounting, financial, and banking records, showing the total amount of money invested in HEM and/or Hammertime Motorsports Park, regardless of the source.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that these documents are not kept within Defendant's possession.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no additional items have been identified that are responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 4:** All emails and/or text messages relating to Lazy S, HEM, and/or Hammertime Motorsports Park you sent to or received from one or more of the Plaintiffs.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no

items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:** All emails and/or text messages you sent to or received from one or more of the Plaintiffs regarding a potential loan from Plaintiffs to develop HEM and/or Hammertime Motorsports Park.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the provisions of Rule 192.4 (a) of the Texas Rules of Civil Procedure, Defendant objects to this Request because the items sought are in the Plaintiffs' actual possession, custody or control, or are equally available to Plaintiffs, and the discovery of such items is more convenient, less burdensome, and/or less expensive for Plaintiffs.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request, that have not already been produced.

**REQUEST FOR PRODUCTION NO. 6:** All emails and/or text messages you sent to or received from one or more of the Plaintiffs regarding the investment of monies by Plaintiffs in HEM.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the provisions of Rule 192.4 (a) of the Texas Rules of Civil Procedure, Defendant objects to this Request because the items sought are in the Plaintiffs' actual possession, custody or control, or are equally available to Plaintiffs, and the discovery of such items is more convenient, less burdensome, and/or less expensive for Plaintiffs.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request, that have not already been produced.

**REQUEST FOR PRODUCTION NO. 7:** All emails and/or text messages you sent to or received from one or more of the Plaintiffs regarding the Investment Funds.

**RESPONSE:** Defendant objects to the Request as assuming a factual predicate which is in dispute. Defendant also objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Pursuant to the provisions of Rule 192.4 (a) of the Texas Rules of Civil Procedure, Defendant objects to this Request because the items sought are in the Plaintiffs' actual possession, custody or control, or are equally available to Plaintiffs, and the discovery of such items is more convenient, less burdensome, and/or less expensive for Plaintiffs.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request, that have not already been produced.

**REQUEST FOR PRODUCTION NO. 8:** All documents supporting your contention, if any, that Lazy S is not listed as an active entity by the SOS.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:** All documents supporting your contention, if any, that HEM is not listed as an active entity by the SOS.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:** Documents showing the names of all persons employed by Lazy S between January 1, 2022 and December 31, 2024.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:** Documents showing the addresses of all persons employed by Lazy S between January 1, 2022 and December 31, 2024.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:** Documents showing the names and positions of all officers of Lazy S between January 1, 2022 and December 31, 2024.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no

items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:** Documents showing the names of all persons employed by HEM between January 1, 2022 and December 31, 2024.

**RESPONSE:** Defendant objects to the Request as assuming a factual predicate which is in dispute. Defendant also objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:** Documents showing the addresses of all persons employed by HEM between January 1, 2022 and December 31, 2024.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:** Documents showing the names and positions of all officers of HEM between January 1, 2022 and December 31, 2024.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:** Documents reflecting all paychecks you received from, or amounts paid to you by, Lazy S since January 1, 2020.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 17:** Documents reflecting all paychecks you received from, or amounts paid to you by, HEM since January 1, 2024.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:** All IRS form W-2 and/or 1099 issued by Lazy S since January 1, 2020.

**RESPONSE:** Defendant also objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 19:** All IRS form W-2 and/or 1099 issued by HEM since January 1, 2024.

**RESPONSE:** Defendant also objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 20:** Documents showing the number of persons employed by Hammertime Enterprise Auto Craft LLC from May 29, 2024 through September 30, 2025.

**RESPONSE:** Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:** Documents showing the number of persons employed by Hammertime Equipment Group Corp from January 23, 2025 through September 30, 2025.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:** Documents showing the number of persons employed by Hammertime Enterprise Roofing LLC from May 29, 2024 through September 30, 2025.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:** All IRS form W-2 and/or 1099 issued by Lazy S since January 1, 2020.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 25:** All documents you rely on to support your contention that Plaintiffs failed to mitigate their damages.

**RESPONSE:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "give us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosures and any and all supplements thereto. Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request. Defendant will supplement if necessary.

**REQUEST FOR PRODUCTION NO. 26:** All documents you rely on to support your contention that Plaintiffs' claims are partially or wholly barred by the doctrine of unclean hands.

**RESPONSE:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "give us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosures and any and all supplements thereto. Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request. Defendant will supplement if necessary.

**REQUEST FOR PRODUCTION NO. 27:** All documents you rely on to support your contention that Defendants are not liable to Plaintiff, in whole or in part, because of consent.

**RESPONSE:** Defendant objects to this Request because it exceeds the permissible scope of

discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "give us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto. Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request. Defendant will supplement if necessary.

**REQUEST FOR PRODUCTION NO. 28:** All documents you rely on to support your contention that Defendants are not liable to Plaintiff, in whole or in part, because of laches.

**RESPONSE:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "give us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto. Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request. Defendant will supplement if necessary.

**REQUEST FOR PRODUCTION NO. 29:** All documents you rely on to support your contention that Defendants are not liable to Plaintiff, in whole or in part, because of waiver.

**RESPONSE:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "give us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto. Subject to and without waiving the foregoing objections, after

diligent search and inquiry, no items have been identified that are responsive to this request. Defendant will supplement if necessary.

**REQUEST FOR PRODUCTION NO. 30:** All documents you rely on to support your contention, if any, that Plaintiffs' damages were caused by their own acts or omissions.

**RESPONSE:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "give us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto. Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request. Defendant will supplement if necessary.

**REQUEST FOR PRODUCTION NO. 31:** All documents you rely on to support your contention, if any, that Plaintiffs were obligated under the Contract to provide additional funding to HEM after they provided the Investment Funds.

**RESPONSE:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "give us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto. Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request. Defendant will supplement if necessary.

**REQUEST FOR PRODUCTION NO. 32:** All plans, proposals, prospectives, outlines, and/or summaries you created, prepared, and/or commissioned that concern HEM and/or the development of Hammertime Motorsports Park.

**RESPONSE:** Defendant objects to this Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:** All plans, proposals, prospectives, outlines, and/or summaries you created, and/or prepared, and/or commissioned that relate to the expenditure of the Investment Funds.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.