**CAUSE NO. 116100**

| | | |
|---|---|---|
| ROBERT RUXTON, III, MARGARET RUXTON, AND GARAGE CANDY AUTOS, LLC | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | 40TH JUDICIAL DISTRICT |
| | § | |
| HAMMERTIME ENTERPRISE MOTORSPORTS, LLC, LAZY S ENTERPRISES, LLC, AND JOSHUA SHOOK, | § | |
| | § | |
| *Defendants* | § | ELLIS COUNTY, TEXAS |

**DEFENDANT HAMMERTIME ENTERPRISE MOTORSPORTS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**TO: Plaintiffs Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC, by and through their attorney of record, Janet Marusak of MCDONNEL COATS, LLP, 215 W. 2nd St., Waxahachie, Texas 75165.**

COMES NOW, Hammertime Enterprise Motorsports, LLC ("Defendant") in accordance with the Texas Rules of Civil Procedure and serves its Objections and Responses to Plaintiffs' Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC'S (collectively, "Plaintiffs") First Set of Interrogatories (the "Requests").

Respectfully submitted,

WADDELL SERAFINO GEARY RECHNER JENEVEIN, PC

/s/ Krystal L. McCool
KRYSTAL L. MCCOOL
State Bar No. 24082185
kmccool@wslawpc.com
1717 Main Street, 25th Floor
Dallas, Texas 75201
214-979-7400 (phone)
214-979-7402 (fax)

**ATTORNEYS FOR DEFENDANTS**

**Exhibit 7**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served upon all counsel of record using the electronic filing system on June 16, 2025, in accordance with the Texas Rules of Civil Procedure and applicable local rules.

*/s/ Krystal L. McCool*
Krystal L. McCool

## GENERAL OBJECTIONS

In addition to any additional specific objections, to specific requests set out below, Defendant generally objects to Plaintiffs' Requests to Defendant as follows:

1. Defendant objects to the Requests to the extent that they seek information that is irrelevant and/or information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the Requests to the extent that Plaintiffs ask Defendant to apply meaning to the words beyond their everyday common usage in the English language, and/or in variance with the Texas Rules of Civil Procedure.

3. Defendant objects to the Requests to the extent that they seek information that is unduly burdensome and harassing. Defendant's responses are made on its best present knowledge, information, and belief. Defendant has solicited information from individuals employed or otherwise affiliated with Defendant believed to be most likely to have knowledge of matters for which Plaintiff may seek information. Defendant has not, however, undertaken to search or review all of the files and records in its possession, custody, or control, nor has Defendant solicited information from every individual employed by or otherwise affiliated with it, because to do so would be unduly burdensome and prohibitively expensive. Defendant reserves the right to supplement or amend these answers should additional information come to light, as necessary.

4. Defendant objects to any instruction contained within the "Instructions" and "Definitions" sections of Plaintiffs' Requests to Defendant that attempts to expand Defendant's obligations under the Texas Rules of Civil Procedure.

5. The specific objections that follow may overlap or duplicate, in whole or in part, these General Objections. The failure to include any general objection or statement in any specific response shall not be interpreted as a waiver of any general objection to that response.

**DEFENDANT'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify all persons who provided information used in answering these interrogatories.

**ANSWER:** Defendant's corporate representative and Defendant's attorney.

**INTERROGATORY NO. 2:** Identify and briefly describe all communications between you and Plaintiffs relating to Hammertime Enterprise Motorsports, LLC.

**ANSWER:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it calls for a global or narrative response that is better suited to the context of testimony. Moreover, Defendant objects to this Request because the information requested is equally available to Plaintiffs as Plaintiffs were participants in the alleged communications.

Subject to and without waiving the foregoing objections, Defendant acknowledges it communicated with Plaintiffs' in person and over the phone regarding this investment venture.

**INTERROGATORY NO. 3:** Identify and briefly describe all communications between you and Plaintiffs relating to the Investment Funds.

**ANSWER:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it calls for a global or narrative response that is better suited to the context of testimony. Moreover, Defendant objects to this Request because the information requested is equally available to Plaintiffs as Plaintiffs were participants in the alleged communications.

Subject to and without waiving the foregoing objections, Defendant acknowledges it communicated with Plaintiffs' in person and over the phone regarding this investment venture.

**INTERROGATORY NO. 4:** Identify all contracts made between you and Plaintiffs and briefly describe the terms of each contract identified.

**ANSWER:** Defendant objects to this Request to the extent that it calls for a global or narrative response that is better suited to the context of testimony. Defendant also objects to the Request as overbroad and unduly burdensome in part. Defendant further objects to this Request to the extent that it contains multiple subparts or inquiries within a single request, which renders it multifarious and improperly compound.

Subject to and without waiving the foregoing objections, Plaintiffs agreed to provide funds towards the business in exchange for use of the business facilities. Defendant utilized the

provided funds towards business operations.

**INTERROGATORY NO. 5:** Briefly explain the relationship, if any, between you and Lazy S. Enterprises, LLC.

**ANSWER:** Lazy S Enterprises, LLC was another business that was owned by Joshua Shook. It is no longer in operation.

**INTERROGATORY NO. 6:** Identify all goods and/or services you purchased using Investment Funds and provide the date and amount of the purchase.

**ANSWER:** Defendant objects to the Request as assuming a factual predicate which is in dispute. Defendant further objects to this Interrogatory because it is unlimited in scope and/or time and thus, overly broad.

Subject to and without waiving the foregoing, at least the following was purchased:

| | | |
|---|---|---|
| 1. 08/14/2024 | Skid Steer | $132,000.00 |
| 2. 08/14/2024 | Dozer Blade | $10,750.00 |
| 3. 08/14/2024 | Taxes/Fees | $14,537.17 |
| 4. 07/31/2024 | XUV8 Gator | $31,904.13 |
| 5. 08/21/2024 | Equipment | $717.51 |
| 6. 08/21/2024 | Equipment | $1524.11 |
| 7. 08/23/2024 | Equipment | $2,742.05 |
| 8. 10/08/2024 | X-ONE Canopy | $12,500.00 |
| 9. 10/08/2024 | Taxes/Fees | $1,331.25 |
| 10. 07/30/2024 | Tx Air Assurance | $150.00 |
| 11. 2024 | 1st Class Graphics | $10,050.00 |
| 12. 06/20/2024 | Tx Air Assurance | $650.00 |
| 13. 10/02/2024 | Dallas Paving | $48,000.00 |
| 14. 06/15/2024 | Salvador Avalos | $630.00 |
| 15. 05/30/2024 | Texas Flooring Services | $4,500.00 |
| 16. 06/07/2024 | Repairs by Matt | $1,718.00 |
| 17. 05/06/2024 | Cate Welding | $1,467.00 |
| 18. 08/01/2024 | United Ag & Trust | $6,980.00 |
| 19. 03/20/2024 | Dallas Pro Reconditioning | $5,500.00 |
| 20. 03/22/2024 | Oscar Cisneros | $10,227.00 |
| 21. 12/01/2024 | MYTI Properties | $8,590.00 |
| 22. 03/29/2024 | Oscar Cisneros | $39,024.00 |
| 23. 04/22/2024 | | $12,005.00 |
| 24. 04/25/2024 | Oscar Cisneros | $3,787.00 |
| 25. 05/03/2024 | Oscar Cisneros | $11,113.00 |
| 26. 04/05/2024 | Oscar Cisneros | $10,930.00 |
| 27. 04/12/2024 | Oscar Cisneros | $3,823.00 |
| 28. 06/20/2024 | Behlen Mfg. Co. | $273.39 |
| 29. 06/05/2024 | Villasenor Electrical | $23,805.00 |
| 30. 07/26/2024 | Villasenor Electrical | $1,245.75 |

31. 04/25/2024 Gillingham Enterprises $

Defendant is still looking for receipts for the other amount of funds and will supplement.

**INTERROGATORY NO. 7:** Identify the bank or other financial institution where the remaining Investment Funds are located and provide the account number(s) and name(s) on the account.

**ANSWER:** None.

**INTERROGATORY NO. 8:** State the dollar amount of the Investment Funds that remain in your possession. Identify all documents you relied on to calculate the amount.

**ANSWER:** None.

**INTERROGATORY NO. 9:** Briefly explain why you failed to pay Plaintiffs $20,000 per month after you received the Investment Funds, pursuant to your obligation under the oral contract with Plaintiffs.

**ANSWER:** Defendant objects to the Request as assuming a factual predicate which is in dispute. Defendant further objects to this Interrogatory because it is unlimited in scope and/or time and thus, overly broad.

Subject to and without waiving the foregoing, Plaintiffs breached obligations under the agreement and ceased communications with Defendant.

**INTERROGATORY NO. 10:** Briefly explain why you offered shares to Plaintiff in exchange for Investment Funds even though you are not authorized by the Texas Securities Board to offer or sell securities.

**ANSWER:** Defendant objects to the Request as assuming a factual predicate which is in dispute. Defendant further objects to this Interrogatory because it is unlimited in scope and/or time and thus, overly broad. Finally, Defendant objects because this Interrogatory seeks discovery of information, which is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Defendant did not offer shares to Plaintiffs.

**INTERROGATORY NO. 11:** Briefly explain why you did not return the Investment Funds to Plaintiffs upon Plaintiffs' request.

**ANSWER:** Defendant objects to the Request as assuming a factual predicate which is in dispute. Defendant further objects to this Interrogatory because it is unlimited in scope and/or time and thus, overly broad. Finally, Defendant objects because this Interrogatory seeks discovery of information, which is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, pursuant to the agreement, the investment money provided was not refundable. It went into business operations. Plaintiffs failed to follow through

on their obligations.

**INTERROGATORY NO. 12:** Briefly explain why you have not repaid Plaintiffs for the cost of repairs to the 1998 Suzuki Carry mini truck as you agreed to do in your August 28, 2024 email to Plaintiffs.

**ANSWER:** Defendant objects to the Request as assuming a factual predicate which is in dispute. Defendant further objects to this Interrogatory because it is unlimited in scope and/or time and thus, overly broad. Finally, Defendant objects because this Interrogatory seeks discovery of information which is irrelevant, inadmissible and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Defendant attempted to provide repayment. It was not accepted by Plaintiffs.

**INTERROGATORY NO. 13:** If you contend that Plaintiffs have received anything from you in return for their investment of the Investment Funds, provide the basis for your contention and identify all documents you rely on to support it.

**ANSWER:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "tell us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto.

**INTERROGATORY NO. 14:** Provide the legal and factual basis for your contention that all conditions precedent to Plaintiffs' recovery and relief on their claims have not been performed or occurred. Identify all documents you rely on to support your contention.

**ANSWER:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "tell us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and

any and all supplements thereto. Ultimately, Plaintiffs failed to complete their obligations under the agreement. For example, Plaintiffs never utilized Defendant's business location as originally stated and agreed.

**INTERROGATORY NO. 15:** Provide the legal and factual basis for your contention that Plaintiffs failed to mitigate their damages. Identify all documents you rely on to support your contention.

**ANSWER:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "tell us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto. Ultimately, Plaintiffs failed to complete their obligations under the agreement. For example, Plaintiffs never utilized Defendant's business location as originally stated and agreed.

**INTERROGATORY NO. 16:** Provide the legal and factual basis for your contention that Plaintiffs' claims are partially or wholly barred by the doctrine of unclean hands. Identify all documents you rely on to support your contention.

**ANSWER:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "tell us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Interrogatory is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto. Ultimately, Plaintiffs failed to complete their obligations under the agreement. For example, Plaintiffs never utilized Defendant's business location as originally stated and agreed.

**INTERROGATORY NO. 17:** Provide the legal and factual basis for your contention that Defendants are not liable to Plaintiff, in whole or in part, because of consent. Identify all documents you rely on to support your contention.

**ANSWER:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and

would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "tell us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto. Plaintiffs agreed to provided funds for operation of Defendant's business. It was an investment. Defendant's business has since failed.

**INTERROGATORY NO. 18:** Provide the legal and factual basis for your contention that Defendants are not liable to Plaintiff, in whole or in part, because of laches.

**ANSWER:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "tell us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto. Ultimately, Plaintiffs failed to complete their obligations under the agreement. For example, Plaintiffs never utilized Defendant's business location as originally stated and agreed.

**INTERROGATORY NO. 19:** Provide the legal and factual basis for your contention that Defendants are not liable to Plaintiff, in whole or in part, because of waiver.

**ANSWER:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "tell us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.

Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto. Ultimately, Plaintiffs failed to complete their obligations under the agreement. For example, Plaintiffs never utilized Defendant's business location as originally stated and agreed.

**INTERROGATORY NO. 20:** Provide the legal and factual basis for your contention that some or all of Plaintiffs' damages were caused by their own actions or omissions.

> **ANSWER:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "tell us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's contentions and defenses in Defendant's Required Disclosure.
>
> Without waiving such objections, but continuing to insist upon same, please see Defendant's contentions and the factual basis for same as set forth in Defendant's Required Disclosure and any and all supplements thereto. Ultimately, Plaintiffs failed to complete their obligations under the agreement. For example, Plaintiffs never utilized Defendant's business location as originally stated and agreed.

**INTERROGATORY NO. 21:** Provide the legal and factual basis for your contention that Plaintiffs' damages were caused by a third party or parties over which Defendants had no responsibility or control. In your answer, identify any third parties whose actions and omissions allegedly caused Plaintiffs' damages. Identify all documents you rely on to support your contention.

> **ANSWER:** Defendant objects to this Request because it exceeds the permissible scope of discovery provided for in Rules 190, 192 and 193 of the Texas Rules of Civil Procedure and would require Defendant to marshal all of its evidence. Defendant further objects to this Request to the extent it requests a "tell us all you know" answer calculated to lead this Defendant into some omission, placing it in a position of not being able to use evidence at trial. As such, this Request is vague, indefinite, global, unduly burdensome and overly broad. Finally, Defendant objects to this Request because it is duplicative of Defendant's responses in Defendant's Required Disclosure.
>
> Without waiving such objections, but continuing to insist upon same, please see Defendant's responses for same as set forth in Defendant's Required Disclosure and any and all supplements thereto.

**VERIFICATION**

STATE OF TEXAS §
§
COUNTY OF ELLIS §

BEFORE ME, the undersigned authority, on this day, personally appeared Joshua Shook as corporate representative for Hammertime Enterprise Motorsports, LLC, who, after being duly sworn, stated under oath that he has read the foregoing Objections and Responses to Plaintiffs Robert Ruxton III, Margaret Ruxton, and Garage Candy Autos, LLC's First Set of Interrogatories, and based on his knowledge, the responses are accurate to the best of his knowledge.

JOSHUA SHOOK
Corporate Representative of Hammertime Enterprise Motorsports LLC

SUBSCRIBED AND SWORN TO BEFORE ME on this 16th day of June 2025, to certify which, witness my hand and seal of office.

Pamela Ashleigh Futrell
Notary Public in and for the State of Texas

My Commission Expires: February 9, 2028

PAMELA ASHLEIGH FUTRELL
Notary Public, State of Texas
ID# 134755987
My Commission Expires
February 9, 2028