**CAUSE NO. 116100**

| | | |
|---|---|---|
| ROBERT RUXTON, III, MARGARET RUXTON, AND GARAGE CANDY AUTOS, LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>HAMMERTIME ENTERPRISE MOTORSPORTS, LLC, LAZY S ENTERPRISES, LLC, AND JOSHUA SHOOK,<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>40TH JUDICIAL DISTRICT<br><br>ELLIS COUNTY, TEXAS |

**DEFENDANT LAZY S. ENTERPRISES, LLC OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

**TO: Plaintiffs Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC, by and through their attorney of record, Janet Marusak of MCDONNEL COATS, LLP, 215 W. 2nd St., Waxahachie, Texas 75165.**

COMES NOW, Lazy S. Enterprises, LLC ("Defendant") in accordance with the Texas Rules of Civil Procedure and serves its Objections and Responses to Plaintiffs' Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC'S (collectively, "Plaintiffs") First Set of Interrogatories (the "Requests").

Respectfully submitted,

**WADDELL SERAFINO GEARY RECHNER JENEVEIN, PC**

*/s/ Krystal L. McCool*
KRYSTAL L. MCCOOL
State Bar No. 24082185
kmccool@wslawpc.com
1717 Main Street, 25th Floor
Dallas, Texas 75201
214-979-7400 (phone)
214-979-7402 (fax)

**ATTORNEYS FOR DEFENDANTS**



**Exhibit 8**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served upon all counsel of record using the electronic filing system on October 27, 2025, in accordance with the Texas Rules of Civil Procedure and applicable local rules.

*/s/ Krystal L. McCool*
Krystal L. McCool

## GENERAL OBJECTIONS

In addition to any additional specific objections, to specific requests set out below, Defendant generally objects to Plaintiffs' Requests to Defendant as follows:

1. Defendant objects to the Requests to the extent that they seek information that is irrelevant and/or information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the Requests to the extent that Plaintiffs ask Defendant to apply meaning to the words beyond their everyday common usage in the English language, and/or in variance with the Texas Rules of Civil Procedure.

3. Defendant objects to the Requests to the extent that they seek information that is unduly burdensome and harassing. Defendant's responses are made on its best present knowledge, information, and belief. Defendant has solicited information from individuals employed or otherwise affiliated with Defendant believed to be most likely to have knowledge of matters for which Plaintiff may seek information. Defendant has not, however, undertaken to search or review all of the files and records in its possession, custody, or control, nor has Defendant solicited information from every individual employed by or otherwise affiliated with it, because to do so would be unduly burdensome and prohibitively expensive. Defendant reserves the right to supplement or amend these answers should additional information come to light, as necessary.

4. Defendant objects to any instruction contained within the "Instructions" and "Definitions" sections of Plaintiffs' Requests to Defendant that attempts to expand Defendant's obligations under the Texas Rules of Civil Procedure.

5. The specific objections that follow may overlap or duplicate, in whole or in part, these General Objections. The failure to include any general objection or statement in any specific response shall not be interpreted as a waiver of any general objection to that response.

**DEFENDANT'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** Briefly describe any business or enterprise you operated and/or conducted under the assumed name J and J Container Services, including the following information: (a) the goods and/or services offered, (b) the identity of the operator and/or manager, (c) the number of employees, (d) the date you began operating and/or conducting business under the assumed name, (e) the date you ceased conducting business under the assumed name, if any, and if so (f) the reason J and J Container Services failed or is no longer doing business.

> **ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.
>
> Subject to and without waiving the foregoing objections, Defendant answers as follows: This was a business for shipping containers, it was myself and a few subcontracts, it ran for approximately four years, and this business was taken over by someone else.

**INTERROGATORY NO. 2:** Briefly describe any business or enterprise you operated and/or conducted under the assumed name Hammertime Contractors and include the following information: (a) the goods and/or services offered, (b) the identity of the operator and/or manager, (c) the number of employees, (d) the date you began operating and/or conducting business under the assumed name, (e) the date you ceased conducting business under the assumed name, if any, and if so (f) the reason Hammertime Contractors failed or is no longer doing business.

> **ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.
>
> Subject to and without waiving the foregoing objections, Defendant answers as follows: This was a business for roofing that started after Refuge Roofing in 2021 and lasted for approximately three years, it was myself and a few subcontracts, and this was a dba.

**INTERROGATORY NO. 3:** Briefly describe any business or enterprise you operated and/or conducted under the assumed name Shook Cattle Company and include the following information: (a) the goods and/or services offered, (b) the identity of the operator and/or manager, (c) the number of employees, (d) the date you began operating and/or conducting business under the assumed name, (e) the date you ceased conducting business under the assumed name, if any, and if so (f) the reason Shook Cattle Company failed or is no longer doing business.

> **ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.
>
> Subject to and without waiving the foregoing objections, Defendant answers as follows: This was just an formed entity. This was a dba.

**INTERROGATORY NO. 4:** Briefly describe any business or enterprise you operated and/or conducted under the assumed name Hammertime Storm Shelters and include the following information: (a) the goods and/or services offered, (b) the identity of the operator and/or manager, (c) the number of employees, (d) the date you began operating and/or conducting business under the assumed name, (e) the date you ceased conducting business under the assumed name, if any, and if so (f) the reason Hammertime Storm Shelters failed or is no longer doing business.

> **ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.
>
> Subject to and without waiving the foregoing objections, Defendant answers as follows: This was a business for storm shelters, it was myself and a few subcontracts, it ran for approximately three years, and this business was taken over by someone else.

**INTERROGATORY NO. 5:** Briefly describe any business or enterprise you operated and/or conducted under the assumed name Hammertime Storage Solutions and include the following information: (a) the goods and/or services offered, (b) the identity of the operator and/or manager, (c) the number of employees, (d) the date you began operating and/or conducting business under the assumed name, (e) the date you ceased conducting business under the assumed name, if any, and if so (f) the reason Hammertime Storage Solutions failed or is no longer doing business.

> **ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.
>
> Subject to and without waiving the foregoing objections, Defendant answers as follows: This was a business for storage solutions, it was myself and a Tobias, it ran for approximately a few months, and this business is no longer operational.

**INTERROGATORY NO. 6:** Briefly describe any business or enterprise you operated and/or conducted under the assumed name Hammertime Motorsports and include the following information: (a) the goods and/or services offered, (b) the identity of the operator and/or manager, (c) the number of employees, (d) the date you began operating and/or conducting business under the assumed name, (e) the date you ceased conducting business under the assumed name, if any, and if so (f) the reason Hammertime Motorsports failed or is no longer doing business.

> **ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.
>
> Subject to and without waiving the foregoing objections, Defendant answers as follows: Hammertime Motorsports offered professional vehicle services; I was the operator and manager; I had approximately 7 employees; began operating in May 2024 and ceased in November 2024 and because the Ruxtons were no longer moving forward with their obligations under the agreement.

**INTERROGATORY NO. 7:** Provide your current business address (i.e. – the address where your company is physically located and/or from which you operate and/or conduct business) and your current mailing address.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.

Subject to and without waiving the foregoing objections, Defendant answers as follows: 1836 Lonestar Road, Mansfield, Texas 76063.

**INTERROGATORY NO. 8:** Identify all assumed names, if any, under which you conducted business at 8400 N. Interstate 45, Palmer, Texas 75152.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.

Subject to and without waiving the foregoing objections, Defendant answers as follows: Hammertime Roofing and Contractors; Hammertime Motorsports; and Hammertime Enterprise Auto Craft.

**INTERROGATORY NO. 9:** Briefly describe your role, interest, or part in the business venture and/or agreement referenced at paragraphs 14 and 15 of the Counterclaim and the date or approximate date you began discussing a potential "car business venture" with Plaintiffs.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.

Subject to and without waiving the foregoing objections, Defendant answers as follows: Plaintiffs wanted Shook to be involved with the car business venture. They wanted him to assist in the selection and buying of vehicles. This never got to this point though.

**INTERROGATORY NO. 10:** Identify every bank account or other financial account held in your name in which Investment Funds were deposited.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.

Subject to and without waiving the foregoing objections, Defendant answers as follows: Plaintiff funds were deposited into the Hammertime Motorsports account.

**INTERROGATORY NO. 11:** Identify your past and present officers and shareholders.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly

burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.

Subject to and without waiving the foregoing objections, Defendant answers as follows: Joshua Shook and Jessica Shook.

**INTERROGATORY NO. 12:** Briefly describe Joshua Shook's role at Lazy S, including but not limited to the type of work he performs, his duties and responsibilities, his position and/or title, his work schedule, and how he is compensated (e.g. – hourly, salaried, by commission, etc.).

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope. Defendant objects to this Request as being better suit for oral deposition.

Subject to and without waiving the foregoing objections, Defendant answers as follows: None.

**INTERROGATORY NO. 13:** Identify the person in charge of maintaining your accounting records.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: A Plus Bookkeeping and Tax located in Ennis, Texas.

**INTERROGATORY NO. 14:** Identify any equipment, tools, or other assets purchased for or use by Hammertime Motorsports that have been sold, gifted, loaned, or transferred to Hammertime Enterprise Auto Craft LLC, Hammertime Equipment Group Corp, Hammertime Enterprise Roofing LLC, Hammertime Contractors, Hammertime Roofing & Contractors, Hammertime Storage Solutions, Hammertime Storm Shelters, Joshua Shook, and/or Jessica Shook and provide the current location of each.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: None.

**INTERROGATORY NO. 15:** Identify any Third Party accountants and/or tax preparers who provided accounting and/or tax services to HEM and/or Lazy S d/b/a Hammertime Motorsports.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: A Plus Bookkeeping and Tax located in Ennis, Texas.

**INTERROGATORY NO. 16:** Briefly explain why both HEM and Lazy S registered the assumed name Hammertime Motorsports with the SOS.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad, and unduly burdensome. Defendant objects to this Request as not being limited in time and scope.

Subject to and without waiving the foregoing objections, Defendant answers as follows: One was done as a dba under Lazy S when it was first started and Plaintiffs waned it done as a separate LLC, so it was also done under that name as well.