**CAUSE NO. 116100**

| | | |
|---|---|---|
| ROBERT RUXTON, III, MARGARET RUXTON, AND GARAGE CANDY AUTOS, LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>HAMMERTIME ENTERPRISE MOTORSPORTS, LLC, LAZY S ENTERPRISES, LLC, AND JOSHUA SHOOK,<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>40TH JUDICIAL DISTRICT<br><br>ELLIS COUNTY, TEXAS |

**DEFENDANT HAMMERTIME ENTERPRISE MOTORSPORTS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS**

**TO: Plaintiffs Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC, by and through their attorney of record, Janet Marusak of MCDONNEL COATS, LLP, 215 W. 2nd St., Waxahachie, Texas 75165.**

COMES NOW, Hammertime Enterprise Motorsports, LLC ("Defendant") in accordance with the Texas Rules of Civil Procedure and serves its Objections and Responses to Plaintiffs' Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC, (collectively, "Plaintiffs") First Request for Admissions (the "Requests").

Respectfully submitted,

WADDELL SERAFINO GEARY RECHNER JENEVEIN, PC

*/s/ Krystal L. McCool*
KRYSTAL L. MCCOOL
State Bar No. 24082185
kmccool@wslawpc.com
1717 Main Street, 25th Floor
Dallas, Texas 75201
214-979-7400 (phone)
214-979-7402 (fax)
**ATTORNEYS FOR DEFENDANTS**

**Exhibit** 9

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served upon all counsel of record using the electronic filing system on June 16, 2025, in accordance with the Texas Rules of Civil Procedure and applicable local rules.

*/s/ Krystal L. McCool*
Krystal L. McCool

## GENERAL OBJECTIONS

In addition to any additional specific objections, to specific requests set out below, Defendant generally objects to Plaintiffs' Requests to Defendant as follows:

1. Defendant objects to the Requests to the extent that they seek information that is irrelevant and/or information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the Requests to the extent that Plaintiffs ask Defendant to apply meaning to the words beyond their everyday common usage in the English language, and/or in variance with the Texas Rules of Civil Procedure.

3. Defendant objects to the Requests to the extent that they seek information that is unduly burdensome and harassing. Defendant's responses are made on its best present knowledge, information, and belief. Defendant has solicited information from individuals employed or otherwise affiliated with Defendant believed to be most likely to have knowledge of matters for which Plaintiff may seek information. Defendant has not, however, undertaken to search or review all of the files and records in its possession, custody, or control, nor has Defendant solicited information from every individual employed by or otherwise affiliated with it, because to do so would be unduly burdensome and prohibitively expensive. Defendant reserves the right to supplement or amend these answers should additional information come to light, as necessary.

4. Defendant objects to any instruction contained within the "Instructions" and "Definitions" sections of Plaintiffs' Requests to Defendant that attempts to expand Defendant's obligations under the Texas Rules of Civil Procedure.

5. The specific objections that follow may overlap or duplicate, in whole or in part, these General Objections. The failure to include any general objection or statement in any specific response shall not be interpreted as a waiver of any general objection to that response.

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:** The total amount of Investment Funds you received from Plaintiffs was $460,000.00.

**RESPONSE:** Admit that received $460,000.00 from Plaintiffs, everything else not admitted is denied.

**REQUEST FOR ADMISSION NO. 2:** Plaintiffs do not hold any shares in Hammertime Enterprise Motorsports, LLC.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 3:** Garage Candy Autos, LLC provided you with Cashier's Check No. 9489236496 in the amount of $50,000.00 on or around May 22, 2024.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 4:** Robert Ruxton and/or Margaret Ruxton provided you with Cashier's Check No. 9533428567 in the amount of $100,000.00 on or around May 28, 2024.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 5:** Robert Ruxton and/or Margaret Ruxton provided you with Cashier's Check No. 9442441227 in the amount of $100,000.00 on or around May 28, 2024.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 6:** Robert Ruxton and/or Margaret Ruxton provided you with Cashier's Check No. 9533428592 in the amount of $25,000.00 on or around May 31, 2024

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 7:** Robert Ruxton and/or Margaret Ruxton provided you with Cashier's Check No. 9489236598 in the amount of $25,000.00 on or around May 31, 2024.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 8:** Robert Ruxton and/or Margaret Ruxton provided you with Cashier's Check No. 9489236648 in the amount of $80,000.00 on or around June 5, 2024.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 9:** Robert Ruxton and/or Margaret Ruxton provided you with Cashier's Check No. 9489236649 in the amount of $80,000.00 on or around June 5, 2024.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 10:** On July 9, 2024, Plaintiffs demanded that you return the Investment Funds by July 25, 2024.

**RESPONSE:** After a reasonable inquiry, the information known or easily obtainable is insufficient to allow Defendant to admit or deny this Request.

Subject to and without waiving the foregoing, without knowledge, deny.

**REQUEST FOR ADMISSION NO. 11:** You did not return the Investment Funds to Plaintiff by July 25, 2024.

**RESPONSE:** Admit as to not returning any funds, deny that funds are refundable.

**REQUEST FOR ADMISSION NO. 12:** On August 1, 2024, Plaintiffs demanded that you return $230,000.00 of the Investment Funds in August 2024 and said they would provide you with an eight-month repayment plan, including interest, on the remaining $230,000.00 of the Investment Funds.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 13:** You did not return any amount of the Investment Funds to Plaintiff by August 1, 2024.

**RESPONSE:** Admit as to not returning any funds, deny that the funds are refundable.

**REQUEST FOR ADMISSION NO. 14:** You have not entered into a repayment plan to return the Investment Funds to Plaintiffs.

**RESPONSE:** Admit entering into a repayment plan; however, deny that the funds are refundable.

**REQUEST FOR ADMISSION NO. 15:** On August 28, 2024, you emailed Plaintiffs to ask for an extension of time until September 13, 2024 to return the Investment Funds.

**RESPONSE:** Admit asking for more time; however, deny agreeing to return the funds.

**REQUEST FOR ADMISSION NO. 16:** You agreed to return the Investment Funds to Plaintiffs.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 17:** You have not returned any amount of the Investment funds to Plaintiffs.

**RESPONSE:** Admit in part that no monies have been returned to Plaintiffs; however, deny that any said funds were refundable.

**REQUEST FOR ADMISSION NO. 18:** You entered into an oral contract with Plaintiffs wherein

Plaintiffs would provide investment funds for Hammertime in exchange for a monthly payment of $20,000 and shares in Hammertime.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 19:** No stock in Hammertime was assigned to Plaintiffs.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 20:** You have not made any monthly payments to Plaintiff.

**RESPONSE:** Admit; however, this dispute prevented monthly payments.

**REQUEST FOR ADMISSION NO. 21:** On July 9, 2024, you told Plaintiffs that the Investment funds were held in a separate financial account from your other funds.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 22:** You do business in Texas.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 23:** You are not registered with the Texas State Securities Board.

**RESPONSE:** After a reasonable inquiry, the information known or easily obtainable is insufficient to allow Defendant to admit or deny this Request.

Subject to and without waiving the foregoing, without knowledge, deny.

**REQUEST FOR ADMISSION NO. 24:** You were not registered with the Texas State Securities Board when you offered stock in Hammertime to Plaintiffs in exchange for the Investment Funds.

**RESPONSE:** Defendant objects to the request as assuming a factual predicate. Defendant further objects to this Request because it is harassing in nature and serves no purpose beyond its attempt to set a trap to prevent Defendant from presenting the truth to the trier of facts. *Marino v. King*, 355 S.W.3d 629 (Tex. 2011).

Subject to and without waiving the foregoing, deny.

**REQUEST FOR ADMISSION NO. 25:** You did not inform Plaintiffs that you were not authorized by the Texas State Securities Board to sell securities.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 26:** The Investment Funds were not given to you by Plaintiffs as a gift.

**RESPONSE:** Deny.