SIMPLIFIED
Business Solutions
ACCOUNTING · LEGAL · PAYROLL · TAX

McDonnell Coates, LLP
Attorneys at Law

September 16, 2024

***Via Email: lazysllc@gmail.com***

Joshua Shook
Lazy S Enterprises

*Re: Refund of Investment Monies to Robert and Margaret Ruxton*

Dear Mr. Shook,

Please be advised that our firm has been retained by Robert and Margaret Ruxton (hereinafter, "Clients") to represent their interest in the above-referenced matter. All communications regarding this matter should be directed to this office.

As you know, Clients provided you with $460,000.00 in funds as an investment in your company. Clients are now unhappy with that investment and your handling of the funds. In addition, you owe Clients $2,623.65 for repairs made to a 1998 Suzuki Carry mini truck (the "Truck").

Clients have repeatedly requested that you refund their investment monies and pay for the Truck repairs, to no avail. By failing to reimburse Clients, you are in violation of several civil statutes and you may also have violated certain criminal statutes.

**Demand is hereby made that you reimburse Clients in the amount of $462,623.65 for their investment monies and the cost of repairs to the Truck. Please deliver a cashier's check made out to Margaret Ruxton in the amount of $462,623.65 to the office of McDonnell Coates, LLP at 215 W. 2nd St., Waxahachie, Texas 75165, NO LATER THAN 5:00 P.M. ON MONDAY, SEPTEMBER 23, 2024.**

Please be advised that failure to pay the entire amount of the investment funds and repair costs by September 23, 2024 will be met with swift and serious legal ramifications, including but not limited to the institution of legal proceedings for all remedies available to Clients at law or in equity.

Sincerely,

Dustin R. Coates

Exhibit 11

DRC/ch

215 W 2nd St.
Waxahachie, TX 75165
dcoates@simplified.services
www.simplifiedlegal.com
P (972) 923-2881
F (972) 937-3415

SIMPLIFIED
Business Solutions
ACCOUNTING · LEGAL · PAYROLL · TAX

McDonnell Coates, LLP
Attorneys at Law

September 27, 2024

***Via Email: lazysllc@gmail.com***

Joshua Shook
Lazy S Enterprises

*Re: Refund of Investment Monies to Robert and Margaret Ruxton*

Dear Mr. Shook,

Once again, as stated in the first letter you received, this firm represents Robert and Margaret Ruxton. All communications regarding this matter should be directed to this office. You have stated to the Ruxtons that you are represented by "attorneys". Therefore, please present this letter and the previous letter to any one of them.

This is a follow up to the letter sent September 16, 2024 as well as a response to the email you sent our Clients on September 27, 2024. As of this date, this office has not received a response as requested by September 23, 2024.

Our clients have presented a repayment plan. They have tried over numerous months to have you repay any of the money you fraudulently took from them. You have made no attempt to repay anything. Therefore, my clients feel you have no intent to move forward towards a "resolution" as suggested in your letter.

Your actions create causes of action against you for conversion, Texas theft liability act, fraudulent inducement, common law fraud, and other causes of action. You will be held liable for economic damages, exemplary damages, attorney fees, and court costs.

Further, your actions may create liability to you for breaches of federal and state statutes related to Blue Sky Laws, Sec's Regulation D Rule 506(b) and Rule 506(c), the Securities Act of 1933, and the Securities Exchange Act of 1934. Liability under these statutes rest in the governing body that enforces the applicable federal and state statutes.

Once again, the Ruxton's invested $460,000.00 with you as an investment in your company. Clients are now unhappy with that investment and your handling of the funds. In addition, you owe Clients $2,623.65 for repairs made to a 1998 Suzuki Carry mini truck (the "Truck").

Clients have repeatedly requested that you refund their investment monies and pay for the Truck repairs, to no avail. By failing to reimburse Clients, you are in violation of several federal and state civil statutes and you may also have violated certain federal and state criminal statutes.

**Demand is hereby made that you reimburse Clients in the amount of $462,623.65 for their investment monies and the cost of repairs to the Truck. Please deliver a cashier's check made out to Margaret Ruxton in the amount of $462,623.65 to the office of McDonnell Coates, LLP at 215 W. 2nd St., Waxahachie, Texas 75165, NO LATER THAN 5:00 P.M. ON TUESDAY, OCTOBER 1, 2024.**

Please be advised that this is the final letter you will receive to attempt to resolve this matter. If you fail to comply with this letter a lawsuit will be filed against you no later than Friday, October 4, 2024.

Sincerely,

*/s/ Dustin R. Coates*

Dustin R. Coates

DRC/ch

SIMPLIFIED
*Business Solutions*
ACCOUNTING · LEGAL · PAYROLL · TAX

McDonnell Coates, LLP
Attorneys at Law

June 10, 2025

***Via the Electronic Filing Manager***

Krystal L. McCool
Waddell Serafino Geary Rechner Jenevein, P.C.
Comerica Bank Tower
1717 Main Street, 25th Floor
Dallas, TX 75201

**Re: NOTICE TO CURE DISCOVERY DEFICIENCIES**
Cause No. 116100; *Ruxton v. Hammertime Enterprise Motorsports, LLC*

Dear Krystal,

Hammertime Enterprise Motorsports, LLC ("Hammertime") to the Request for Production, Request for Admissions, and Interrogatories that were served on Hammertime by my clients, Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC ("My Clients") on May 2, 2025.

- Prophylactic "general objections" are not permitted under Tex. R. Civ. P. 193. See TEX. R. CIV. P. 193.2(a), (c), (e); In re Park Cities Bank, 409 S.W.3d 859, 878 (Tex. App. – Tyler 2003, orig. proceeding). "A determination that prophylactic general objections satisfy Rule 193 would be contrary to the rule's plain language and would reinstate the practice of filing prophylactic general objections to avoid waiver." In re Park Cities Bank, 409 S.W.3d at 878. The law is clear that in civil cases a party may not make a blanket objection to all discovery but must state an objection to each individual discovery request. See Burton v. West, 749 S.W.2d 505, 508 (Tex. App. - Houston [1st Dist.] 1988, orig. proceeding).

- A responding party who objects to a discovery request because is it overbroad, unduly burdensome, vague, ambiguous, or unreasonably cumulative or duplicative should explain why the discovery request suffers from each asserted deficiency. See TEX. R. CIV. P. 193.2(a); see also Robert K. Wise, Ending Evasive Responses to Written Discovery: A Guide for Properly Responding (and Objecting) to Interrogatories and Document Requests Under the Texas Discovery Rules, 65 Baylor L. Rev. 510, 563 (Spring 2013).

- In the Definitions section of these requests, the meaning of certain terms and abbreviations that will be used in these requests are provided to explain how the term or abbreviation is being used in relation to these requests and are intended for the purpose of clarity. Plaintiffs are not attempting to create a dictionary on the common meaning of the words. The Definitions are not intended to and have in fact no effect whatsoever on Defendant's obligations under the Texas Rules of Civil Procedure.

215 W 2nd St.
Waxahachie, TX 75165

dcoates@simplified.services
www.simplifiedlegal.com

P (972) 923-2881
F (972) 937-3415

- "Where a responding party's own conscious, discretionary decision, such as how it chooses to store and organize its materials, causes discovery to be burdensome, the burden is not considered 'undue'" In re K & L Auto Crushers, LLC, 627 S.W.3d 239, 253 (Tex. 2021).

- Each of the instructions in the "Instructions" section of these requests cites directly to the applicable Rule from the Texas Rules of Civil Procedure that requires the action referenced in the instruction.

Prophylactic "general objections" are not permitted under Tex. R. Civ. P. 193. See TEX. R. CIV. P. 193.2(a), (c), (e); *In re Park Cities Bank*, 409 S.W.3d 859, 878 (Tex. App. – Tyler 2003, orig. proceeding). "A determination that prophylactic general objections satisfy Rule 193 would be contrary to the rule's plain language and would reinstate the practice of filing prophylactic general objections to avoid waiver." *In re Park Cities Bank*, 409 S.W.3d at 878. The law is clear that in civil cases **a party may not make a blanket objection to all discovery but must state an objection to each individual discovery request**. *See Burton v. West*, 749 S.W.2d 505, 508 (Tex. App. - Houston [1st Dist.] 1988, orig. proceeding).

- A responding party who objects to a discovery request because is it overbroad, unduly burdensome, vague, ambiguous, or unreasonably cumulative or duplicative **should explain why the discovery request suffers from each asserted deficiency**. See TEX. R. CIV. P. 193.2(a); see also Robert K. Wise, Ending Evasive Responses to Written Discovery: A Guide for Properly Responding (and Objecting) to Interrogatories and Document Requests Under the Texas Discovery Rules, 65 Baylor L. Rev. 510, 563 (Spring 2013).

- In the Definitions section of this request, the meaning of certain terms and abbreviations that will be used in these requests are provided to explain how the term or abbreviation is being used in relation to these requests. Such definitions are intended for the purpose of clarity or expedience. Plaintiffs are not attempting to create a dictionary on the common meaning of the words. The Definitions are not intended to have, and in fact do not have, any effect whatsoever on Defendant's obligations under the Texas Rules of Civil Procedure.

- Each of the instructions in the "Instructions" section of this request cites directly to the applicable Rule from the Texas Rules of Civil Procedure that requires the action referenced in the instruction. Thus, it is not possible that they expand Defendant's obligations beyond the TRCP.

- "Where a responding party's own conscious, discretionary decision, such as how it chooses to store and organize its materials, causes discovery to be burdensome, the burden is not considered 'undue'" *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 253 (Tex. 2021).

- Subject to any objections stated in the response, the responding party must produce the requested documents or tangible things within the person's possession, custody or control. TEX. R. CIV. P. 196.3(a). Possession, custody, or control of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item. TEX. R. CIV. P. 192.7.

If you have any questions regarding the content of this letter, please contact me.

215 W 2nd St.
Waxahachie, TX 75165
dcoates@simplified.services
www.simplifiedlegal.com
P (972) 923-2881
F (972) 937-3415

Sincerely,

*/s/ Janet Marusak*

Janet Marusak
Attorney for Plaintiffs

JM/ch

116100

Filed 12/30/2024 1:27 PM
Melanie Reed
District Clerk
Ellis County, Texas

SIMPLIFIED
Business Solutions
ACCOUNTING • LEGAL • PAYROLL • TAX

McDonnell Coates, LLP
Attorneys at Law

December 30, 2024

***Via Electronic Filing***

Melanie Reed
Ellis County District Clerk
109 S. Jackson St.
Waxahachie, TX 75165

*Re:* *Robert Ruxton III, et al. v. Hammertime Enterprise Motorsports, LLC, et al.*

Dear Ms. Reed:

Please accept this letter as our request for issuance of citation in the above-referenced matter. The addresses for service are shown below.

1. Defendant, Hammertime Enterprise Motorsports, LLC may be served with process through its registered agent:
   A Plus Bookkeeping & Tax Service
   1004 W. Lampasas St.
   Ennis, TX 75119.

2. Defendant, Lazy S Enterprises, LLC may be served with process through its registered agent:
   Jessica Shook
   301 Autumnwood Dr.
   Mansfield, TX 76063.

3. Defendant, Joshua Shook may be served with process at:
   8400 N. Interstate 45, Palmer, TX 75152, or
   301 Autumnwood Dr., Mansfield, TX 76063.

Please send the citation via the electronic filing system or to the email address below. Thank you for your kind assistance with this matter. Should you have any questions, please contact us at 972-923-2881.

Sincerely,

/s/*Cindy Holland*

Cindy Holland
Paralegal

215 W 2nd St.
Waxahachie, TX 75165
cholland@simplified.services
www.simplifiedlegal.com
P (972) 923-2881
F (972) 937-3415

Sent 8/29/24
**Bob Ruxton**

10:03 AM (34 minutes ago)

to Lazy, me

Check payable to:
Garage Candy Autos LLC

Address for mailing:
3631 Hidden Hollow Dr.
Midlothian, TX 76065

---

**Lazy S Enterprises LLC**

Wed, Aug 28, 5:44 PM (16 hours ago)

to Bob, me

I am currently out of town for a work trip I had to attend and will not return until September 8th, if we you would give me until September 13th for me to come up with a resolution that should suite all of us that would be greatly appreciated as I have limited service where I am at. I am very willing to get you a check for the Suzuki repairs this week mailed out to satisfy that and then we can move forward on the other resolution when I return and have time to sit down and focus on a satisfactory outcome for both of us ? Sound fair ? Send address for Suzuki repair check to be mailed to please. Hope all is well !

---