**CAUSE NO. 116100**

| | | |
|---|---|---|
| ROBERT RUXTON, III, MARGARET RUXTON, AND GARAGE CANDY AUTOS, LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>HAMMERTIME ENTERPRISE MOTORSPORTS, LLC, LAZY S ENTERPRISES, LLC, AND JOSHUA SHOOK,<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>40TH JUDICIAL DISTRICT<br><br>ELLIS COUNTY, TEXAS |

**DEFENDANT HAMMERTIME ENTERPRISE MOTORSPORTS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

**TO: Plaintiffs Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC, by and through their attorney of record, Janet Marusak of MCDONNEL COATS, LLP, 215 W. 2nd St., Waxahachie, Texas 75165.**

COMES NOW, Hammertime Enterprise Motorsports, LLC ("Defendant") in accordance with the Texas Rules of Civil Procedure and serves its Objections and Responses to Plaintiffs' Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC's (collectively, "Plaintiffs") First Request for Production (the "Requests").

Respectfully submitted,

**WADDELL SERAFINO GEARY RECHNER JENEVEIN, PC**

*/s/ Krystal L. McCool*
KRYSTAL L. MCCOOL
State Bar No. 24082185
kmccool@wslawpc.com
1717 Main Street, 25th Floor
Dallas, Texas 75201
214-979-7400 (phone)
214-979-7402 (fax)
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served upon all counsel of record using the electronic filing system on June 16, 2025, in accordance with the Texas Rules of Civil Procedure and applicable local rules.

*/s/ Krystal L. McCool*
Krystal L. McCool

**DEFENDANT'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Your Certificate of Formation.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that these documents are not kept within Defendant's possession. Further, these documents are equally available to Plaintiffs' by utilizing the Texas Sectreaty of State website.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:** Your Limited Liability Company Agreement.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that these documents are not kept within Defendant's possession. Further, these documents are equally available to Plaintiffs' by utilizing the Texas Sectreaty of State website.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:** Your Operating Agreement and/or Operational Memorandum.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that these documents are not kept within Defendant's possession. Further, these documents are equally available to Plaintiffs' by utilizing the Texas Sectreaty of State website.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:** Documents sufficient to show the relationship, if any, between you and Lazy S Enterprises LLC.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:** All of your account statements from any bank and/or other financial institutions relating to the Investment Funds.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that these documents are confidential, contain proprietary information, and are not kept in Defendant's possession.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:** All of your accounting records relating to the Investment Funds, including but not limited to your accounts receivable records, accounts payable records, ledgers, and/or journals.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that these documents are confidential, contain proprietary information, and are not kept in Defendant's possession.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:** All documents reflecting and/or relating to any purchase(s) you made or other transaction(s) you completed using Investment Funds, including but not limited to invoices, receipts, checks, bills of laden, packing lists, purchase orders, financial statements, and/or statements of account.

**RESPONSE:** Defendant objects to the Request as assuming a factual predicate which is in dispute. Defendant also objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope.

Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.

**REQUEST FOR PRODUCTION NO. 8:** All federal tax documents you filed with the Internal Revenue Service that relate to the Investment Funds.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that these documents are confidential, contain proprietary information, and are not kept in Defendant's possession.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no

items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:** All franchise tax documents you filed with the Texas Comptroller that relate to the Investment Funds.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that these documents are confidential, contain proprietary information, and are not kept in Defendant's possession.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:** All cashier's checks you have received from Plaintiffs.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Pursuant to the provisions of Rule 192.4 (a) of the Texas Rules of Civil Procedure, Defendant objects to this Request because the items sought are in the Plaintiffs' actual possession, custody or control, or are equally available to Plaintiffs, and the discovery of such items is more convenient, less burdensome, and/or less expensive for Plaintiffs.

Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.

**REQUEST FOR PRODUCTION NO. 11:** All certified mail you have sent to client, along with the certified mail "green card", or return receipt.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects to this Request because it is vague and ambiguous as to "client," and Defendant cannot determine with reasonable specificity the information requested.

Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.

**REQUEST FOR PRODUCTION NO. 12:** All documents reflecting or relating to any payment(s) you made to Plaintiffs pursuant to the Contract.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.