**CAUSE NO. 116100**

| | | |
|---|---|---|
| ROBERT RUXTON, III, MARGARET RUXTON, AND GARAGE CANDY AUTOS, LLC | § | IN THE DISTRICT COURT |
| *Plaintiffs*, | § | |
| v. | § | 40TH JUDICIAL DISTRICT |
| HAMMERTIME ENTERPRISE MOTORSPORTS, LLC, LAZY S ENTERPRISES, LLC, AND JOSHUA SHOOK, | § | |
| *Defendants* | § | ELLIS COUNTY, TEXAS |

**DEFENDANT HAMMERTIME ENTERPRISE MOTORSPORTS, LLC, OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

**TO: Plaintiffs Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC, by and through their attorney of record, Janet Marusak of MCDONNEL COATS, LLP, 215 W. 2nd St., Waxahachie, Texas 75165.**

COMES NOW, Hammertime Enterprise Motorsports, LLC ("Defendant") in accordance with the Texas Rules of Civil Procedure and serves its Objections and Responses to Plaintiffs' Robert Ruxton, III, Margaret Ruxton, and Garage Candy Autos, LLC's (collectively, "Plaintiffs") First Request for Production (the "Requests").

Respectfully submitted,

**WADDELL SERAFINO GEARY RECHNER JENEVEIN, PC**

*/s/ Krystal L. McCool*
KRYSTAL L. MCCOOL
State Bar No. 24082185
kmccool@wslawpc.com
1717 Main Street, 25th Floor
Dallas, Texas 75201
214-979-7400 (phone)
214-979-7402 (fax)
**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served upon all counsel of record using the electronic filing system on October 27, 2025, in accordance with the Texas Rules of Civil Procedure and applicable local rules.

*/s/ Krystal L. McCool*
Krystal L. McCool

**DEFENDANT JOSHUA SHOOK'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** All plans, proposals, and/or prospectives you created, generated, prepared, and/or commissioned relating to the formation and/or development of HEM, including but not limited to business plans, operational plans, organizational plans, financial plans, outlines, spreadsheets, and/or reports.

> **RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.
>
> Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:** All plans, proposals, and/or prospectives you created, generated, prepared, and/or commissioned relating to the development of Hammertime Motorsports Park, including but not limited to business plans, operational plans, organizational plans, financial plans, outlines, spreadsheets, and/or reports.

> **RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.
>
> Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:** All plans, proposals, and/or prospectives relating to HEM and/or Hammertime Motorsports Park that you provided to Plaintiffs, including but not limited to business plans, operational plans, organizational plans, financial plans, outlines, spreadsheets, and/or reports.

> **RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the provisions of Rule 192.4 (a) of the Texas Rules of Civil Procedure, Defendant objects to this Request because the items sought are in the Plaintiffs' actual possession, custody or control, or are equally available to Plaintiffs, and the discovery of such items is more convenient, less burdensome, and/or less expensive for Plaintiffs.
>
> Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:** All progress reports and/or status updates relating to HEM, Hammertime Motorsports, and/or Hammertime Motorsports Park that you provided to Plaintiffs.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the provisions of Rule 192.4 (a) of the Texas Rules of Civil Procedure, Defendant objects to this Request because the items sought are in the Plaintiffs' actual possession, custody or control, or are equally available to Plaintiffs, and the discovery of such items is more convenient, less burdensome, and/or less expensive for Plaintiffs.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:** All photographs taken at 8400 North Interstate 45, Palmer, TX 75152 while the Commercial Lease was in effect.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 6:** All videos made at 8400 North Interstate 45, Palmer, TX 75152 while the Commercial Lease was in effect.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 7:** Documents showing the total amount of investment monies, contributions, and/or other financial support you received from January 1, 2024 through the date of service of these requests, including but not limited to accounting records, financial records, and/or banking records.

**RESPONSE:** Defendant objects to the Request as assuming a factual predicate which is in dispute. Defendant also objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 8:** Documents identifying all persons and/or entities from whom you received investment monies, contributions, and/or other financial support, including but not limited to business records, accounting records, financial records, and/or banking records.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no

items have been identified that are responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 9:** Documents showing the total amount of money you earned from sales and/or other business operations, including but not limited to accounting records, financial records, and/or banking records.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that these documents are confidential, contain proprietary information, and are not kept in Defendant's possession.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:** Documents reflecting all assets you acquired from the date of your formation through the date of service of these requests, the amount you paid for each such asset, and from whom the asset was acquired.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Pursuant to the provisions of Rule 192.4 (a) of the Texas Rules of Civil Procedure, Defendant objects to this Request because the items sought are in the Plaintiffs' actual possession, custody or control, or are equally available to Plaintiffs, and the discovery of such items is more convenient, less burdensome, and/or less expensive for Plaintiffs.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 11:** Documents reflecting all assets you have sold, traded, bartered, dispossessed, and/or divested, the amount of any payment you received for each such asset, and to whom the asset was sold, granted, and/or transferred.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:** All documents you rely on to support your contention that Plaintiffs were obligated under the Contract to continue providing you with funds after you received the Investment Funds.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:** All documents revealing or relating to payments of any kind you made to Joshua Shook, including but not limited to employment compensation, salaries, bonuses, gifts, investment returns, stock sales, and/or reimbursements.

**RESPONSE:** Defendant objects to the Request as assuming a factual predicate which is in dispute. Defendant also objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:** All documents revealing or relating to payments of any kind you made to Jessica Shook, including but not limited to employment compensation, salaries, bonuses, gifts, investment returns, stock sales, and/or reimbursements.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:** All documents relating to any equipment you currently own, including but not limited to business records, accounting records, invoices, receipts, purchase orders, and equipment lists.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:** Any documents relating to your cessation of business, including but not limited to the following: winding-up agreements, liquidation contracts, resolutions to dissolve, Texas Form 651 Certificate of Termination, tax clearance certificates, letters to the Internal Revenue Service, cancellation of your Employer Identification Number, consent of creditors, final employment tax forms, asset and liability lists, settlement and payment records, cancellation of business licenses or permits, and/or affidavits from your directors.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:** Documents identifying all persons employed by you between the date of your formation and the date of service of these requests.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:** Documents identifying all independent contractors who worked for you between the date of your formation and the date of service of these requests.

**RESPONSE:** Defendant also objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:** All of your profit and loss statements.

**RESPONSE:** Defendant also objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant further objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 20:** All of your accounts receivable records.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 21:** All of your accounts payable records.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 22:** All lists, statements, records, and/or spreadsheets reflecting your assets and liabilities.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 23:** Any documents filed with the Office of the Texas Secretary of State and/or issued by the Office of the Texas Secretary of State indicating that your registration has been terminated and/or abandoned.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:** Documents identifying your past and present officers and/or directors.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:** A clear and legible copy of the document you previously produced and bates labeled SHOOK000045.

**RESPONSE:** Defendant objects to the Request as overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendant also objects to the Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, after diligent search and inquiry, no items have been identified that are responsive to this request.