**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br>JOSHUA LEE SHOOK and<br>JESSICA LYNN SHOOK,<br>Debtors. | Case No. 26-32515-swe7<br>Chapter 7 |
| ROBERT T. RUXTON III,<br>MARGARET E. RUXTON, and<br>GARAGE CANDY AUTOS, LLC,<br>Plaintiffs,<br>v.<br>JOSHUA LEE SHOOK and<br>JESSICA LYNN SHOOK,<br>Defendants. | Adversary No. 26-03089-swe |

**PLAINTIFFS' LIMITED RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS, ALTERNATIVE REQUEST FOR MORE DEFINITE STATEMENT, AND UNOPPOSED MOTION TO QUASH SERVICE (DOC. 9)**

Plaintiffs Robert T. Ruxton III, Margaret E. Ruxton, and Garage Candy Autos, LLC file this limited response under Local Bankruptcy Rule 7007-1 to the Partial Motion to Dismiss, Alternative Request for More Definite Statement, and Unopposed Motion to Quash Service (Doc. 9) filed by Defendants Joshua Lee Shook and Jessica Lynn Shook, and respectfully state:

**I. THE AMENDED COMPLAINT MOOTS THE RULE 12(b)(6) AND 12(e) REQUESTS**

1. Defendants filed Doc. 9 on October 9, 2026. It is directed to Plaintiffs' original complaint, filed September 8, 2026.

2. Within 21 days after service of Doc. 9, Plaintiffs filed their First Amended Complaint Objecting to Discharge and to Determine Dischargeability of Debt (Doc. 16) as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), made applicable by Federal Rule of Bankruptcy Procedure 7015. No leave of Court is required.

3. An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates the earlier pleading. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). The First Amended Complaint does not adopt the original complaint.

4. Because the requests to dismiss under Rule 12(b)(6) and for a more definite statement under Rule 12(e) are directed to a pleading that has been superseded, they are moot. Denial as moot should be without prejudice to Defendants' right to respond to the First Amended Complaint as the Rules permit. Doc. 9 is set for hearing on December 3, 2026 at 1:30 p.m. (Doc. 15). Because no relief remains to be heard, Plaintiffs request that the hearing be cancelled.

## II. PLAINTIFFS DO NOT OPPOSE QUASHING THE ORIGINAL SERVICE

5. Plaintiffs do not oppose the request to quash the original service. The issue has been cured: the Clerk reissued the summons, and service of the reissued summons was completed on October 14, 2026 (Docs. 11–14). No further relief on service is needed.

## III. LIMITED SCOPE

6. Plaintiffs do not respond to the merits arguments in Doc. 9 because they are directed to the superseded complaint, and Plaintiffs reserve all arguments in response to any motion directed to the First Amended Complaint.

## PRAYER

Plaintiffs ask the Court to enter the proposed order submitted with this response: (a) granting, as unopposed, the motion to quash the original service; (b) denying as moot, without prejudice, the partial motion to dismiss and the alternative request for a more definite statement; (c) cancelling the hearing set for December 3, 2026 at 1:30 p.m. (Doc. 15); and (d) granting Plaintiffs all other relief to which they are entitled.

Respectfully submitted,

MCDONNELL COATES, LLP
215 W. 2nd St.
Waxahachie, TX 75165
Tel: 972.923.2881
Fax: 972.937.3415

By: *_/s/ Kevin McDonnell_*
Kevin McDonnell
Texas Bar No: 24030762
Email: kmcdonnell@simplified.services
ATTORNEY FOR PLAINTIFFS/CREDITORS

## CERTIFICATE OF SERVICE

I certify that on October 23, 2026, a true and correct copy of this Limited Response was served through the Court's CM/ECF system on Clayton Everett, Norred Law, PLLC, counsel for Defendants in this adversary proceeding, and on Vicki Kathleen McCarthy, The Law Office of Vicki McCarthy, counsel for the Debtors in the main case.

/s/ Kevin McDonnell