Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Defendants

# United States Bankruptcy Court

Northern District of Texas
Dallas Division

| | |
|---|---|
| In re:<br>Joshua Lee Shook and Jessica Lynn Shook,<br>Debtors, | Case No. 26-32515-swe7<br><br>Chapter 7 |
| Robert T. Ruxton III, Margaret E. Ruxton,<br>and Garage Candy Autos, LLC,<br>Plaintiffs,<br>v. | Adversary No. 26-03089-swe |
| Joshua Lee Shook and Jessica Lynn Shook,<br>Defendants. | |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Joshua Lee Shook ("Josh Shook") and Jessica Lynn Shook ("Jessica Shook") (collectively, "Defendants"), by and through undersigned counsel, file this Original Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint Objecting to Discharge and to Determine Dischargeability of Debt [ECF No. 16] and respectfully state as follows:

RESPONSE TO NUMBERED ALLEGATIONS

Except as expressly admitted below, Defendants deny each allegation of the First Amended Complaint. Defendants repeat the First Amended Complaint's headings for convenience only; to the extent any heading contains an allegation, it is denied. Where a response is made by one Defendant only, the other Defendant lacks knowledge or information sufficient to form a belief about the allegation and therefore denies it.

## I. AMENDMENT AS OF RIGHT

1. **Paragraph 1:** Admitted.

2. **Paragraph 2:** Defendants admit that the summons was reissued and that the reissued summons and the original complaint were served on Defendants on or about October 14, 2026, as reflected in ECF Nos. 11–14. The remaining allegations of Paragraph 2 state legal conclusions to which no response is required.

## II. PARTIES

3. **Paragraph 3:** Defendants admit that Robert T. Ruxton III and Margaret E. Ruxton reside in Ellis County, Texas. Josh Shook admits that they hold the state-court judgment described in Paragraphs 49 through 51 against him and are his creditors. Jessica Shook denies that she is indebted to Plaintiffs or that Plaintiffs are her creditors. Except as expressly admitted, Defendants deny the allegations of Paragraph 3.

4. **Paragraph 4:** Defendants admit, on information and belief, that Garage Candy Autos, LLC is a Texas limited liability company with its principal place of business in Ellis County, Texas. Josh Shook admits that Garage Candy Autos, LLC is among the plaintiffs in whose favor the state-court judgment described in Paragraphs 49 through 51 was rendered. Jessica Shook denies that she is indebted to Garage Candy Autos, LLC. Except as expressly admitted, Defendants deny the allegations of Paragraph 4.

5. **Paragraph 5:** Admitted.

6. **Paragraph 6:** Admitted.

## III. JURISDICTION, VENUE, AND STATEMENT UNDER RULE 7008

7. **Paragraph 7:** Defendants admit that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. Defendants admit that claims under 11 U.S.C. §§ 523 and 727 are core proceedings under 28 U.S.C. § 157(b)(2)(I) and (J). Defendants deny that Plaintiffs have stated valid claims under those sections.

8. **Paragraph 8:** Admitted.

9. **Paragraph 9:** Defendants admit that this is a core proceeding and consent to the entry of final orders and judgment by the Bankruptcy Court pursuant to Fed. R. Bankr. P. 7012(b).

10. **Paragraph 10:** Admitted.

11. **Paragraph 11:** Defendants admit that Debtors filed their voluntary Chapter 7 petition on June 4, 2026, that the § 341 meeting was held on July 14, 2026, and that Plaintiffs filed their original adversary complaint on September 8, 2026. The remaining allegations in Paragraph 11 state legal conclusions regarding relation back under Fed. R. Civ. P. 15(c), to which no responsive pleading is required; to the extent a response is required, Defendants deny the allegations.

## IV. FACTS

### A. The Entities

12. **Paragraph 12:** Defendants admit that Lazy S Enterprises, LLC ("Lazy S") is a Texas limited liability company registered with the Texas Secretary of State on January 24, 2017, and that Lazy S responded to Request for Admission No. 2 in the state-court proceeding as described in Paragraph 12. Except as expressly admitted, Defendants deny the allegations of Paragraph 12.

13. **Paragraph 13:** Admitted. Defendants state that, although Jessica Shook was listed as Lazy S's member and initial registered agent, Josh Shook managed Lazy S's day-to-day business operations.

14. **Paragraph 14:** Admitted. Defendants state that the title shown on the report did not reflect any role by Jessica Shook in Lazy S's day-to-day operations.

15. **Paragraph 15:** Admitted.

16. **Paragraph 16:** Defendants admit that Lazy S registered "Hammertime Motorsports" as an assumed name on April 15, 2024, before Plaintiffs provided any funds, and that the assumed-name

certificate identifies "JESSICA SHOOK" as its signer in the capacity quoted in Paragraph 16. Jessica Shook has no recollection of signing the certificate and lacks knowledge or information sufficient to form a belief as to whether she personally executed it, and therefore denies that allegation. Except as expressly admitted, Defendants deny the allegations of Paragraph 16.

17. **Paragraph 17:** Defendants admit that the Texas Franchise Tax Public Information Reports of Lazy S dated July 5, 2022, May 11, 2023, and March 14, 2024, identify Jessica Shook as described in Paragraph 17. Defendants state that A Plus Bookkeeping and Tax prepared those filings and that Jessica Shook did not operate Lazy S's business. Jessica Shook has no specific recollection of signing the 2022 and 2023 reports and therefore lacks knowledge or information sufficient to form a belief as to whether she personally signed them. Except as expressly admitted, Defendants deny the allegations of Paragraph 17.

18. **Paragraph 18:** Defendants admit that, in its answer to Interrogatory No. 11 in the state-court proceeding, Lazy S identified its past and present officers and shareholders as "Joshua Shook and Jessica Shook." Defendants deny that Jessica Shook exercised operational authority over the business transactions at issue.

19. **Paragraph 19:** Defendants admit that Hammertime Enterprise Motorsports, LLC ("HEM") was formed on May 29, 2024; that its Certificate of Formation states that it is managed by managers and lists "JOSHUA SHOOK" as Manager and "JESSICA SHOOK" as Manager 2; and that Josh Shook answered Interrogatory No. 8 as quoted in Paragraph 19. Defendants state that Josh Shook managed HEM's operations and that Jessica Shook did not participate in HEM's operations or in any negotiations with Plaintiffs. Except as expressly admitted, Defendants deny the allegations of Paragraph 19.

20. **Paragraph 20:** Admitted. Jessica Shook states that she was not involved in managing Hammertime Equipment Group Corp.

**B. The Representations**

21. **Paragraph 21:** Defendants admit that in 2024 Josh Shook met with Plaintiffs in person at the locations described in Paragraph 21 and discussed Plaintiffs' participation in the business, how the business would operate, and how the funds would be used. Defendants deny that any fraudulent representation was made at those meetings. Jessica Shook did not attend any of those meetings. Her only in-person contact with Plaintiffs was a single occasion at the Palmer property, when Plaintiffs arrived unannounced and asked her to show them the space planned for their dealership and offices so that they could identify changes they wanted made during the remodel; the investment, its terms, and the use of the funds were not discussed. Except as expressly admitted, Defendants deny the allegations of Paragraph 21.

22. **Paragraph 22:** Josh Shook admits that, during in-person meetings, he and Robert and Margaret Ruxton discussed a monthly payment to Plaintiffs of $20,000 that was to begin at a future date after the venture was operating. Josh Shook denies that the payment was promised with no intention of performing. Jessica Shook did not participate in these discussions and lacks knowledge or information sufficient to form a belief about what was said, and therefore denies those allegations. Except as expressly admitted, Defendants deny the allegations of Paragraph 22.

23. **Paragraph 23:** Defendants admit that Plaintiffs do not hold any shares in HEM and that HEM so responded to Request for Admission No. 2. Josh Shook denies that he represented to Plaintiffs that they would receive shares in HEM in exchange for their funds, and denies that Plaintiffs were induced by any misrepresentation. Jessica Shook made no representations to

Plaintiffs and was never told that Plaintiffs were to receive shares in HEM. Except as expressly admitted, Defendants deny the allegations of Paragraph 23.

24. **Paragraph 24:** Defendants admit that Plaintiffs provided the funds for the development of Hammertime Motorsports Park. Josh Shook states that he and Plaintiffs agreed to a joint venture, the terms of which were never reduced to a signed writing and changed over time, under which Plaintiffs would provide capital for improvements to the Palmer property and for motorsports development and, in return, would have space at the property for their car dealership and offices and would receive a minimum monthly payment of $20,000 beginning at a future date. Defendants deny that any loan agreement was executed, deny that Defendants committed fraud or larceny, and deny that Jessica Shook was a party to any agreement with Plaintiffs. Except as expressly admitted, Defendants deny the allegations of Paragraph 24.

25. **Paragraph 25:** Josh Shook admits that, before Plaintiffs provided any funds, he told Plaintiffs that Hammertime Motorsports operated under Lazy S. Defendants state that the statement was accurate, because Hammertime Motorsports was registered as an assumed name of Lazy S on April 15, 2024. Defendants deny that any actionable misrepresentation was made regarding the entities. Jessica Shook lacks knowledge of what Josh Shook told Plaintiffs about the entities. Except as expressly admitted, Defendants deny the allegations of Paragraph 25.

26. **Paragraph 26:** Defendants admit that, on or about June 4, 2024, Josh Shook sent Plaintiffs the text message quoted in Paragraph 26. Josh Shook states that, at the time, he had a verbal understanding with a representative of Ford Racing that, once the Palmer property and the Ford Racing merchandise truck and trailer purchased for the venture were in place, Hammertime Motorsports would be branded as a Ford Racing ambassador and development team, and that this arrangement was not completed before Plaintiffs withdrew from the venture. Josh Shook denies that

he knew the message to be false when he sent it or that he sent it with intent to deceive. Jessica Shook did not send the message and has no personal knowledge of any Ford arrangement. Except as expressly admitted, Defendants deny the allegations of Paragraph 26.

27. **Paragraph 27:** Defendants admit that no written Ford contract, partnership agreement, or dealer license has been produced. Josh Shook states that the arrangement described in response to Paragraph 26 was verbal and was not finalized before the venture ended. Defendants lack knowledge or information sufficient to form a belief as to what records Plaintiffs have located, and therefore deny the remaining allegations of Paragraph 27.

28. **Paragraph 28:** Defendants admit that on June 18, 2024, Josh Shook sent Plaintiffs a proposed loan agreement through Rocket Lawyer with the message quoted in Paragraph 28; that the document is dated July 1, 2024, names Lazy S as borrower, and contains the terms described in Paragraph 28; that Plaintiffs did not sign it; and that on July 3, 2024, Josh Shook cancelled the signing. Josh Shook states that the $800,000 figure reflected the larger total that Plaintiffs had said they intended to contribute, not the $460,000 actually delivered. Defendants deny that any loan agreement was ever executed or agreed to. Jessica Shook never saw, reviewed, or was asked to sign the document. Except as expressly admitted, Defendants deny the allegations of Paragraph 28.

**C. The $460,000**

29. **Paragraph 29:** Defendants admit that Plaintiffs delivered cashier's checks payable to "Hammertime Motorsports" between May 22, 2024, and June 5, 2024, totaling $460,000; that the checks name the remitters described in Paragraph 29; and that the checks were deposited at Citizens National Bank of Texas. Defendants deny that Plaintiffs delivered the funds in reliance on any false representation. Jessica Shook did not receive, handle, or deposit the checks. Except as expressly admitted, Defendants deny the allegations of Paragraph 29.

30. **Paragraph 30:** Admitted.

31. **Paragraph 31:** Defendants admit that Josh Shook made the admissions described in Paragraph 31; that the Commercial Lease names Myti Properties LLC as landlord and Lazy S as tenant of 8400 N. Interstate 45, Palmer, Texas, for the term and base rent described in Paragraph 31, and is signed for Lazy S over the printed name "Josh Shook" and the title "CEO"; and that Plaintiffs' funds were used to improve those premises. Defendants state that the premises were the site of the venture, where HEM was to operate and where Plaintiffs were to have space for their dealership and offices. Except as expressly admitted, Defendants deny the allegations of Paragraph 31.

32. **Paragraph 32:** Defendants admit that the first check was delivered on May 22, 2024, before HEM was formed on May 29, 2024; that Lazy S stated in its answer to Interrogatory No. 10 that the funds were deposited into the Hammertime Motorsports account; that Hammertime Motorsports was an assumed name of Lazy S registered under the certificate described in Paragraph 16; and that Lazy S denied Request for Admission No. 1 as described in Paragraph 32. Except as expressly admitted, Defendants deny the allegations of Paragraph 32.

33. **Paragraph 33:** Defendants admit that Josh Shook responded "ADMIT" to Requests for Admission Nos. 40 and 41, which asked whether "[y]ou and/or Jessica Shook" made all purchases for HEM and controlled all funds used by HEM. Defendants state that Josh Shook made HEM's purchasing decisions and controlled the use of HEM's funds. Jessica Shook did not make purchasing decisions for HEM, direct the use of HEM's funds, or manage Plaintiffs' funds. Except as expressly admitted, Defendants deny the allegations of Paragraph 33.

34. **Paragraph 34:** Admitted.

35. **Paragraph 35:** Admitted that Plaintiffs did not receive any monthly payment, any ownership interest in HEM, or any return of the $460,000. Defendants state that Plaintiffs withdrew from the venture and demanded the return of their funds before the anticipated monthly payments were to begin.

**D. What Happened to the Money**

36. **Paragraph 36:** Defendants admit that HEM's answer to Interrogatory No. 6 lists purchases totaling $412,474.36, leaving $47,525.64 of the $460,000 not itemized, and states that HEM was still looking for receipts for the remaining funds. Josh Shook states that, to the best of his knowledge, the remaining funds were used for cash payments to subcontractors for work on the Palmer property and for cash purchases of equipment and materials for the property, including the dyno, vehicle lifts and their installation, and dirt and gravel work for the track parking area. Jessica Shook did not manage or account for the funds and lacks knowledge of their disposition. Defendants deny that they have never accounted for the funds and deny any fraudulent misappropriation. Except as expressly admitted, Defendants deny the allegations of Paragraph 36.

37. **Paragraph 37:** Defendants admit that HEM's list includes the entries described in Paragraph 37 dated before May 22, 2024, and before HEM was formed, and that those entries total $97,876.00. Josh Shook states that these expenditures were made for the venture, after Plaintiffs had agreed to participate and while they were working to obtain the release of their funds from their bank, so that work on the property could begin. Defendants deny that any of these expenditures was improper or unauthorized. Except as expressly admitted, Defendants deny the allegations of Paragraph 37.

38. **Paragraph 38:** Defendants admit that HEM's list includes the items, amounts, and dates described in Paragraph 38 and that Josh Shook gave the answer to Interrogatory No. 7 quoted in

Paragraph 38. Defendants state that the equipment was acquired for the facility and that certain equipment was later repossessed after the venture failed. Jessica Shook lacks knowledge of the details of the purchases and repossessions. Except as expressly admitted, Defendants deny the allegations of Paragraph 38.

39. **Paragraph 39:** Defendants admit that Plaintiffs asked for the return of their funds on July 12, 2024, and that HEM's list includes entries dated after that date totaling $272,971.97, including the entries identified in Paragraph 39. Josh Shook states that Plaintiffs withdrew abruptly; that work on the property was then ongoing or already completed under commitments made to contractors and vendors before Plaintiffs withdrew; that those obligations had to be paid; and that he then worked to sell or liquidate what he could. Defendants deny that these payments were wrongful or fraudulent. Jessica Shook did not authorize, approve, or direct any of these payments. Except as expressly admitted, Defendants deny the allegations of Paragraph 39.

40. **Paragraph 40:** Defendants admit that HEM and Josh Shook gave the discovery answers quoted and described in Paragraph 40, and that HEM operated for approximately six months and ceased operations in November 2024. Except as expressly admitted, Defendants deny the allegations of Paragraph 40.

41. **Paragraph 41:** Defendants admit that Josh Shook and HEM made the objections and responses described in Paragraph 41. Defendants state that the bookkeeping, accounting, and tax records of Lazy S and HEM were maintained by A Plus Bookkeeping and Tax and by the banks, and that Defendants are gathering those records. Jessica Shook was not involved in the state-court discovery responses. Defendants deny that either of them concealed records or intentionally failed to maintain them. Except as expressly admitted, Defendants deny the allegations of Paragraph 41.

42. **Paragraph 42:** Defendants admit that Lazy S identified A Plus Bookkeeping and Tax, of Ennis, Texas, as described in Paragraph 42, and that Josh Shook objected to the requests described in Paragraph 42. Except as expressly admitted, Defendants deny the allegations of Paragraph 42.

**E. Communications After Plaintiffs Asked for Their Money Back**

43. **Paragraph 43:** Defendants admit that on July 12, 2024, Plaintiffs sent a group text message containing the language quoted in Paragraph 43, that Josh Shook replied as quoted, and that HEM denied Request for Admission No. 21. Josh Shook states that Plaintiffs' funds had been kept in separate business accounts used for the remodel of the property and for the motorsports operations, and denies that he represented that the funds were being held unspent in a segregated account available for return. Jessica Shook does not recall receiving the July 12 message and lacks knowledge or information sufficient to form a belief as to whether she received it; she did not reply to it and did not take part in any July 9, 2024 discussion with Plaintiffs. Except as expressly admitted, Defendants deny the allegations of Paragraph 43.

44. **Paragraph 44:** Defendants admit that on or about July 15, 2024, Josh Shook sent Plaintiffs text messages containing the language quoted in Paragraph 44. Defendants state that the same messages told Plaintiffs that Josh Shook would have an attorney prepare a plan for the parties to separate, that the process would not be quick, and that the July 19 deadline was not reasonable, and also addressed the return of Plaintiffs' mini truck. Defendants deny that the messages were false or sent with intent to deceive. Jessica Shook did not participate in these exchanges.

45. **Paragraph 45:** Defendants admit that on August 5 and August 28, 2024, Josh Shook sent emails from the Lazy S email account containing the language quoted in Paragraph 45. Defendants deny any unlawful intent or fraudulent conduct. Jessica Shook did not have access to that email

account and did not send or review those emails. Except as expressly admitted, Defendants deny the allegations of Paragraph 45.

46. **Paragraph 46:** Defendants admit that on September 16, 2024, Plaintiffs' counsel sent a written demand to Josh Shook and Lazy S for the return of the $460,000 and the mini-truck repair costs, and that the $460,000 was not repaid. Jessica Shook was not an addressee of the demand. Except as expressly admitted, Defendants deny the allegations of Paragraph 46.

**F. The December 9, 2024 Amendment**

47. **Paragraph 47:** Defendants admit that on December 9, 2024, Josh Shook signed and filed a Certificate of Amendment for Lazy S that added "JOSHUA SHOOK, MANAGING MEMBER" and deleted Jessica Shook as managing member while keeping her as registered agent, and that Plaintiffs filed suit on December 30, 2024. Defendants state that the amendment conformed Lazy S's filings to the fact that Josh Shook, not Jessica Shook, had managed Lazy S's operations, and deny that it was made to avoid or affect any liability to Plaintiffs. Except as expressly admitted, Defendants deny the allegations of Paragraph 47.

**G. The State Court Judgment**

48. **Paragraph 48:** Admitted.

49. **Paragraph 49:** Defendants admit that Garage Candy Autos, LLC is among the plaintiffs in whose favor the judgment in Cause No. 116100 was rendered, and that the Order Granting Plaintiffs' Motion for Summary Judgment contains the language quoted in Paragraph 49. Defendants deny that the order creates any liability of Jessica Shook, who was not a party to that case. Except as expressly admitted, Defendants deny the allegations of Paragraph 49.

50. **Paragraph 50:** Defendants admit that on May 4, 2026, the state court signed the Order Granting Plaintiffs' Motion for Summary Judgment and that the order contains the findings and

language described in Paragraph 50. Defendants deny that the order has any preclusive or other effect as to Jessica Shook, who was not a party to that case, and deny that it establishes the elements of nondischargeability as to Josh Shook under federal bankruptcy law. Except as expressly admitted, Defendants deny the allegations of Paragraph 50.

51. **Paragraph 51:** Admitted as to Josh Shook, HEM, and Lazy S, the defendants in Cause No. 116100. Defendants deny that the judgment imposes any liability on Jessica Shook.

52. **Paragraph 52:** Admitted.

53. **Paragraph 53:** Defendants admit that on July 9, 2026, a proof of claim for $517,108.63, based on the state-court judgment, was filed in Defendants' bankruptcy case in the names of Robert Ruxton III, Margaret Ruxton, and Garage Candy Autos, LLC. Defendants deny that the claim is enforceable against Jessica Shook and deny that the debt is excepted from discharge.

**H. The Meeting of Creditors**

54. **Paragraph 54:** Defendants admit that Josh Shook and Jessica Shook attended the § 341 meeting on July 14, 2026, and testified under oath; that Josh Shook testified that the schedules and statement of financial affairs were true and correct and that all of his property had been listed, and answered "No ma'am" to the question described in Paragraph 54; and that Jessica Shook adopted his testimony. Defendants deny that either of them made a false oath or intended to conceal property or transactions. Except as expressly admitted, Defendants deny the allegations of Paragraph 54.

55. **Paragraph 55:** Defendants admit that Josh Shook so testified and state that his testimony was true.

56. **Paragraph 56:** Defendants admit that Josh Shook testified that he is the sole owner of Hammertime Enterprise Roofing and that he responded to Request for Admission No. 19 as

described in Paragraph 56. Defendants deny that the two statements are inconsistent, because one concerns ownership and the other concerns management. Except as expressly admitted, Defendants deny the allegations of Paragraph 56.

57. **Paragraph 57:** Defendants admit that Josh Shook testified at the § 341 meeting substantially as described in Paragraph 57. Jessica Shook admits that she has access to the account. Josh Shook states that the funds in the account were customer deposits for roofing jobs then in progress, which were used to buy materials and pay contractors for those jobs. Except as expressly admitted, Defendants deny the allegations of Paragraph 57.

58. **Paragraph 58:** Defendants admit that Josh Shook so testified and deny that the testimony was knowingly false or made with fraudulent intent.

59. **Paragraph 59:** Defendants admit that Josh Shook testified that he now has a truck that was purchased. Josh Shook states that, after the petition date and after the household's vehicles had been repossessed, he bought the truck from a buy-here-pay-here dealer in Fort Worth with dealer financing, using as the down payment a vehicle he had received in exchange for his labor. Except as expressly admitted, Defendants deny the allegations of Paragraph 59.

60. **Paragraph 60:** Defendants admit that Josh Shook testified about the household's income substantially as described in Paragraph 60. Defendants state that the testimony was not inconsistent: the household has been supported by odd jobs that Josh Shook performs for friends and family, deposited into personal or business accounts at Point Bank, rather than by the operations of Hammertime Enterprise Roofing. Defendants deny that the testimony was false or evasive. Except as expressly admitted, Defendants deny the allegations of Paragraph 60.

## V. RESPONSE TO COUNTS

### Count I: 11 U.S.C. § 523(a)(2)(A) (Defendant Joshua Lee Shook)

61. **Paragraph 61:** Paragraph 61 states legal standards and case law citations to which no responsive pleading is required; to the extent a response is required, Defendants deny the allegations.

62. **Paragraph 62:** Defendants incorporate their responses to Paragraphs 1 through 61 as if fully set forth herein.

63. **Paragraph 63:** Defendants deny the allegations of Paragraph 63.

64. **Paragraph 64:** Defendants deny the allegations of Paragraph 64.

65. **Paragraph 65:** Defendants deny the allegations of Paragraph 65.

66. **Paragraph 66:** Josh Shook denies that collateral estoppel applies to preclude litigation of dischargeability elements under 11 U.S.C. § 523(a)(2)(A). The state court summary judgment was entered without a full trial on the merits, fails to set forth specific, non-conclusory findings satisfying the rigorous federal standards of intentional fraud under Fifth Circuit law, and does not differentiate between breach of contract and intentional tort.

67. **Paragraph 67:** Josh Shook denies the allegations of Paragraph 67.

### Count II: 11 U.S.C. § 523(a)(2)(A) (Defendant Jessica Lynn Shook)

68. **Paragraph 68:** Jessica Shook incorporates her responses to Paragraphs 1 through 61 and 63 through 65 as if fully set forth herein.

69. **Paragraph 69:** Paragraph 69 describes the basis on which Plaintiffs seek relief and requires no response. To the extent a response is required, Jessica Shook denies that Plaintiffs have alleged or can establish any valid basis to hold her personally liable or to except any debt from discharge as to her.

70. **Paragraph 70:** Jessica Shook admits that she is listed as the signer of the assumed-name certificate for Hammertime Motorsports; that she is listed as the only officer of Lazy S on its 2022, 2023, and 2024 public information reports; that Lazy S identified her as one of its officers and shareholders; that she was listed as a member and manager of HEM; that she has access to the Point Bank account; and that Josh Shook gave the discovery responses and testimony described in Paragraph 70. Jessica Shook lacks knowledge or information sufficient to form a belief as to what Josh Shook told Plaintiffs about the ownership of Lazy S, and therefore denies that allegation. Jessica Shook denies that she participated in soliciting, negotiating, receiving, depositing, or managing Plaintiffs' funds; denies that she made purchases for HEM or directed the use of its funds; denies that she knowingly received or used any of Plaintiffs' funds for her personal benefit; and denies the remaining allegations of Paragraph 70. Her formal designations in entity filings did not give her operational control of the businesses.

71. **Paragraph 71:** Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, Jessica Shook admits that the documents and discovery responses cited in Paragraph 71 contain the statements described, as set out in her responses to Paragraphs 16, 19, 32, and 33. Jessica Shook denies that Josh Shook acted as her partner or agent in soliciting, negotiating, or obtaining Plaintiffs' funds; denies that she authorized him to make any representation or agreement on her behalf; denies that she had knowledge of or participated in any deceptive scheme; and denies that any act, representation, or liability of Josh Shook or of the entities can be imputed to her under agency, partnership, marital, or entity principles.

72. **Paragraph 72:** Jessica Shook denies the allegations of Paragraph 72, including that any entity was used to perpetrate an actual fraud on Plaintiffs primarily for her direct personal benefit,

and denies any basis for disregarding the entities' separate existence under the Texas Business Organizations Code.

73. **Paragraph 73:** Jessica Shook denies that she is liable to Plaintiffs for $517,108.63, or any amount, and denies that any debt is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

**Count III: 11 U.S.C. § 523(a)(4) (Both Defendants)**

74. **Paragraph 74:** Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

75. **Paragraph 75:** Paragraph 75 states legal conclusions and case citations to which no responsive pleading is required; to the extent a response is required, Defendants deny the allegations.

76. **Paragraph 76:** Defendants admit that the state-court order found Josh Shook, HEM, and Lazy S liable under the Texas Theft Liability Act. Defendants deny that the finding establishes larceny under 11 U.S.C. § 523(a)(4) and deny that it has any effect as to Jessica Shook, who was not a party to that case. Defendants deny that they committed larceny and deny the remaining allegations of Paragraph 76. Jessica Shook never requested money from Plaintiffs, received their checks, or directed where the funds were deposited.

77. **Paragraph 77:** Defendants deny the allegations of Paragraph 77. Josh Shook states that Plaintiffs' funds were used for the development and operation of the venture, including obligations to contractors and vendors incurred before Plaintiffs withdrew. Jessica Shook did not authorize, approve, or direct any expenditure of Plaintiffs' funds, before or after July 12, 2024.

78. **Paragraph 78:** Defendants admit that the state-court order contains the language quoted in Paragraph 78. Defendants deny that either of them acted in a fiduciary capacity within the meaning

of 11 U.S.C. § 523(a)(4), deny that Jessica Shook undertook to manage or account for Plaintiffs' funds, and deny the remaining allegations of Paragraph 78.

79. **Paragraph 79:** Defendants deny that a technical or express trust existed under Texas law, deny any culpable defalcation or gross recklessness, and deny the allegations of Paragraph 79.

80. **Paragraph 80:** Defendants deny that any debt is excepted from discharge under 11 U.S.C. § 523(a)(4).

**Count IV: 11 U.S.C. § 523(a)(6) (Both Defendants)**

81. **Paragraph 81:** Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

82. **Paragraph 82:** Paragraph 82 states legal conclusions and case citations to which no responsive pleading is required; to the extent a response is required, Defendants deny the allegations.

83. **Paragraph 83:** Defendants deny the allegations of Paragraph 83. Neither Defendant acted with a subjective motive to harm Plaintiffs or with an objective substantial certainty that Plaintiffs would be harmed. Jessica Shook did not solicit Plaintiffs' funds, negotiate any terms, or direct or authorize any expenditure.

84. **Paragraph 84:** Defendants deny that any debt is excepted from discharge under 11 U.S.C. § 523(a)(6).

**Count V: 11 U.S.C. § 727(a)(2) (Defendant Joshua Lee Shook)**

Counts V through VIII are asserted against Josh Shook only. No response to those Counts is required from Jessica Shook; to the extent one is required, she denies the allegations of Paragraphs 85 through 110 except as expressly admitted below.

85. **Paragraph 85:** Josh Shook incorporates his responses to the preceding paragraphs as if fully set forth herein.

86. **Paragraph 86:** Paragraph 86 states statutory provisions to which no responsive pleading is required; to the extent a response is required, Josh Shook denies the allegations.

87. **Paragraph 87:** Josh Shook denies the allegations of Paragraph 87.

88. **Paragraph 88:** Defendants admit that Josh Shook testified at the § 341 meeting that the Point Bank account in the name of Hammertime Enterprise Roofing held about $17,000 on the petition date and about $1,200 by the date of the meeting, and that he and Jessica Shook are signers on the account. Josh Shook states that the account belonged to Hammertime Enterprise Roofing, not to him, and that its funds were customer deposits used to buy materials and pay contractors for customers' pending jobs, unrelated to Plaintiffs. Jessica Shook did not withdraw or transfer any funds from the account after June 4, 2026. Defendants deny that any property of either Debtor or of the estate was transferred, removed, or concealed with intent to hinder, delay, or defraud creditors or the trustee. Except as expressly admitted, Defendants deny the allegations of Paragraph 88.

89. **Paragraph 89:** Josh Shook admits that he so testified. He refers to his response to Paragraph 59 and denies any improper transfer, removal, or concealment of property of the debtor or of the estate. Except as expressly admitted, Josh Shook denies the allegations of Paragraph 89.

90. **Paragraph 90:** Josh Shook denies the allegations of Paragraph 90.

91. **Paragraph 91:** Josh Shook admits that he responded to Requests for Admission Nos. 40 and 41 as described in his response to Paragraph 33. He denies the remaining allegations of Paragraph 91. Funds held in the name of an entity were the entity's property, not his.

92. **Paragraph 92:** Josh Shook denies that his discharge should be denied under 11 U.S.C. § 727(a)(2).

**Count VI: 11 U.S.C. § 727(a)(3) (Defendant Joshua Lee Shook)**

93. **Paragraph 93:** Josh Shook incorporates his responses to the preceding paragraphs as if fully set forth herein.

94. **Paragraph 94:** Paragraph 94 states legal standards to which no responsive pleading is required; to the extent a response is required, Josh Shook denies the allegations.

95. **Paragraph 95:** Josh Shook admits that he, HEM, and Lazy S made the discovery objections and responses described in Paragraph 95, and that HEM's list of purchases contains the totals described. Josh Shook denies that he concealed, failed to keep, or failed to preserve recorded information from which his financial condition or business transactions might be ascertained. The bookkeeping and accounting records of Lazy S and HEM were maintained by A Plus Bookkeeping and Tax and by the banks, and they are records of those entities. Josh Shook denies the remaining allegations of Paragraph 95.

96. **Paragraph 96:** Josh Shook denies the allegations of Paragraph 96 and denies that his discharge should be denied under 11 U.S.C. § 727(a)(3).

**Count VII: 11 U.S.C. § 727(a)(4)(A) and (a)(4)(D) (Defendant Joshua Lee Shook)**

97. **Paragraph 97:** Josh Shook incorporates his responses to the preceding paragraphs as if fully set forth herein.

98. **Paragraph 98:** Paragraph 98 states legal standards to which no responsive pleading is required; to the extent a response is required, Josh Shook denies the allegations.

99. **Paragraph 99:** Josh Shook denies the allegations of Paragraph 99.

100. **Paragraph 100:** Josh Shook admits that he testified at the § 341 meeting that he is the sole owner of Hammertime Enterprise Roofing and that he responded to Request for Admission No. 19

as described in Paragraph 100. He denies that the statements are inconsistent, because ownership and management are distinct, and denies that he made any false oath.

101. **Paragraph 101:** Josh Shook admits that Lazy S, HEM, and he gave the discovery responses described in Paragraph 101, that he signed the December 9, 2024 Certificate of Amendment, and that he signed the Commercial Lease as described. He denies that any of those discovery responses, which were served in the state-court proceeding before this bankruptcy case was filed, is an oath or account made in or in connection with this case within the meaning of 11 U.S.C. § 727(a)(4)(A), and denies the remaining allegations of Paragraph 101.

102. **Paragraph 102:** Josh Shook admits that he gave the discovery responses described in Paragraph 102 and that HEM's Certificate of Formation lists him as a manager. He denies that any of those state-court discovery responses is an oath or account made in or in connection with this case within the meaning of 11 U.S.C. § 727(a)(4)(A), and denies the remaining allegations of Paragraph 102.

103. **Paragraph 103:** Josh Shook admits that he testified at the § 341 meeting about the source of his income, as described in his response to Paragraph 60, and that he testified that, other than as scheduled, he had not transferred, sold, or gifted property of significant value in the preceding two to four years. He denies that his testimony was inconsistent or false and denies the remaining allegations of Paragraph 103.

104. **Paragraph 104:** Josh Shook admits that he gave the testimony described in Paragraph 104, denies that it was knowingly false or made with fraudulent intent, and denies the remaining allegations of Paragraph 104.

105. **Paragraph 105:** Josh Shook denies the allegations of Paragraph 105 and states that he has not withheld any recorded information from the Chapter 7 trustee.

106. **Paragraph 106:** Josh Shook denies that his discharge should be denied under 11 U.S.C. § 727(a)(4)(A) or (D).

**Count VIII: 11 U.S.C. § 727(a)(5) (Defendant Joshua Lee Shook)**

107. **Paragraph 107:** Josh Shook incorporates his responses to the preceding paragraphs as if fully set forth herein.

108. **Paragraph 108:** Paragraph 108 states legal standards to which no responsive pleading is required; to the extent a response is required, Josh Shook denies the allegations.

109. **Paragraph 109:** Josh Shook admits that HEM's interrogatory answers, which he verified as HEM's representative, contain the statements described in Paragraph 109, and admits the facts described in his responses to Paragraphs 16, 29, 31, 32, 33, 47, and 101. He denies that the $460,000 was his asset; the funds were delivered to and held by the business, not by him personally. He denies that he has failed to explain satisfactorily the loss of the funds, which were spent on leasehold improvements, rent, equipment, contractor and vendor payments, and the operating costs of the failed venture. Josh Shook denies the remaining allegations of Paragraph 109.

110. **Paragraph 110:** Josh Shook denies that his discharge should be denied under 11 U.S.C. § 727(a)(5).

## VI. RESPONSE TO PRAYER

Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraphs A through F of their Prayer, or to any other relief whatsoever.

## VII. AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and defensive matters:

**111. Failure to State a Claim:** The First Amended Complaint fails to state claims upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012.

112. **Failure to Plead Fraud with Particularity (Fed. R. Civ. P. 9(b) / Fed. R. Bankr. P. 7009):** Plaintiffs fail to plead the circumstances constituting fraud with particularity as to Jessica Shook, relying instead on improper group pleading and formal entity filings without identifying any false statement made by her.

113. **Inapplicability of Collateral Estoppel / Res Judicata as to Jessica Shook:** Jessica Shook was not a named party, nor did she appear or litigate in Cause No. 116100 in the 40th Judicial District Court of Ellis County, Texas. The state court summary judgment order has no preclusive effect against her, and entering judgment against her in this proceeding without independent proof of liability violates due process.

114. **Inapplicability of Collateral Estoppel as to Joshua Shook:** The state court summary judgment order does not support collateral estoppel under Fifth Circuit law because the record lacks express, independent, and necessary findings of actual, subjective intent to deceive or malicious injury under federal standards, and does not apportion damages between contract, quasi-contract, and intentional tort theories.

115. **No Fiduciary Relationship Under 11 U.S.C. § 523(a)(4):** Section 523(a)(4) requires an express or technical trust arising prior to and independent of the alleged wrong. Ordinary commercial transactions, arm's-length venture investments, and debtor-creditor relationships do not establish a fiduciary capacity under federal bankruptcy law.

116. **No Intent to Defraud, Conceal, or Injure:** Defendants acted in good faith at all times, without subjective intent to injure Plaintiffs, without fraudulent intent, and without intent to hinder, delay, or defraud the Chapter 7 Trustee or creditors.

117. **Satisfactory Explanation of Business Loss / Ordinary Course Expenditures:** Plaintiffs' funds were spent on the development and operation of the venture, including site improvements,

equipment, rent, and payments to contractors and vendors. The loss of the funds resulted from the failure of the venture after Plaintiffs' abrupt withdrawal, not from any misappropriation.

118. **Justification of Books and Records Under § 727(a)(3):** Debtors reasonably relied on professional, independent third-party bookkeeping and tax services (A Plus Bookkeeping and Tax) and banking institutions to maintain financial and tax records. Any record deficiencies were justified under the circumstances of sudden business failure, repossession, and eviction.

119. **Lack of Imputed Liability:** Dischargeability under 11 U.S.C. § 523(a) presupposes a debt for which the debtor is liable under nonbankruptcy law. Jessica Shook was not a party to the state-court judgment and is not liable on the underlying obligation. She was not Josh Shook's partner in the transaction and did not authorize him to act as her agent in dealing with Plaintiffs, and neither her marriage nor her formal designations in entity filings makes her liable for his conduct or imputes his intent to her.

120. **Limited Liability (Tex. Bus. Orgs. Code §§ 21.223–.224, 101.002, 101.114):** As a member or manager of a limited liability company, Jessica Shook is not liable for the company's debts or obligations. Plaintiffs cannot hold her liable for any obligation of Lazy S or HEM without proving that she caused the entity to be used to perpetrate an actual fraud on Plaintiffs primarily for her direct personal benefit, which she did not do.

121. **Timeliness of New Claims:** The claim under 11 U.S.C. § 523(a)(6), and any other claim or theory first asserted in the First Amended Complaint, was asserted after the September 14, 2026 deadline under Fed. R. Bankr. P. 4004(a) and 4007(c), and is barred to the extent it does not relate back to the original complaint under Fed. R. Civ. P. 15(c).

122. **Property Not of the Debtor or the Estate (§ 727(a)(2), (a)(5)):** The funds Plaintiffs provided, and the funds in the Hammertime Enterprise Roofing account, were property of business entities, not property of Josh Shook or of his bankruptcy estate.

123. **No Oath in or in Connection with the Case (§ 727(a)(4)(A)):** Discovery responses served in the state-court proceeding before the petition date are not oaths or accounts made in or in connection with this case.

124. **Limitations:** To the extent Plaintiffs seek to establish Jessica Shook's personal liability on any underlying claim for the first time in this proceeding, the claim is barred to the extent the applicable Texas limitations period expired before it was first asserted against her.

125. **Reservation of Rights:** Defendants reserve the right to amend their answer and assert additional affirmative defenses as discovery progresses.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Joshua Lee Shook and Jessica Lynn Shook respectfully request that the Court:

1. Enter judgment that Plaintiffs take nothing by their First Amended Complaint;
2. Deny Plaintiffs' objections to Joshua Lee Shook's Chapter 7 discharge under 11 U.S.C. § 727;
3. Determine that any debts owed to Plaintiffs are dischargeable and are discharged under 11 U.S.C. §§ 523 and 727;
4. Deny Plaintiffs' request for a money judgment against Jessica Lynn Shook;
5. Award Defendants their costs of court and reasonable attorney's fees to the extent permitted by law; and

6. Grant Defendants such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

DATE: November 12, 2026.

Respectfully submitted:

By: /s/ Clayton L. Everett

Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St.
Arlington, Texas 76010
O: (817) 704-3984; F: (817) 524-6686
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, a true and correct copy of the foregoing document was served upon all parties entitled to notice through the ECF system.

*Via CM/ECF to Counsel for Plaintiffs:*
Kevin J. McDonnell
McDonnell Coates, LLP
215 W. 2nd St.
Waxahachie, TX 75165
And via email: kmcdonnell@simplified.services

/s/ Clayton L. Everett
Clayton L. Everett